## EBERT v. EBERT.

### No. 8858.

United States Court of Appeals
District of Columbia.

Argued Feb. 15, 1945.

Decided April 2, 1945.

Mr. Carl A. Marshall, of Washington, D. C., with whom Messrs. Raymond M. Hudson and Minor Hudson, of Washington, D. C., were on the brief, for appellant.

Mr. I. H. Minovitz, of Washington, D. C., for appellee.

Before MILLER, EDGERTON, and ARNOLD, JJ.

PER CURIAM.

This is an appeal from a judgment for contempt. Appellee, the wife of appellant, obtained a decree of limited divorce in 1935. In 1937, the District Court ordered appellant to pay appellee $30.00 per month for maintenance of the minor children of the parties. It also ordered the United States Marshal, who had seized a government check for $1,018.42 payable to appellant, to surrender it to the Treasurer of the United States and obtain a substitute payable to the Clerk of the Court. The Clerk was ordered to divide the proceeds of the check between the parties. Finally, appellant was ordered to sign all checks necessary to carry out the purposes of the decree. The government check was never cashed and the Treasury stopped payment on it, as appellant did not endorse it and the Treasury would recognize no attachment or garnishment. On January 3, 1944, appellant asked the court to enlarge the decree of limited divorce and to grant appellant an absolute divorce from appellee. Shortly after, on March 29, 1944, appellee served upon appellant's counsel a motion to adjudge appellant in contempt for failure to comply with the order of 1937.

The court ordered appellant to show cause why he should not be adjudged in contempt. Appellant filed an answer, in which he said that he had always contributed as much as he was able to the support of his family. He also filed an affidavit in which he said that he was "unable to earn enough money to feed and clothe himself." On consideration of the motion, the answer, and the affidavit, and after hearing counsel, the court on June 21, 1944 adjudged appellant in contempt for his failure to comply with the order of 1937, and sentenced him to three months

imprisonment; with a proviso that he might purge himself of contempt by paying appellee $750, upon which payment the Clerk of the Court was directed to release and deliver to appellant the check referred to in the order of 1937.

Appellant did not deny that, except as to a few hundred dollars, he had failed to make the payments called for by the order of 1937. Appellant relies on a criminal prosecution for non-support, in which he was defendant, and on a mandamus suit to which he was not a party. Those proceedings do not excuse his nonperformance of the 1937 order. The court was not obliged to believe his affidavit, or to treat asserted inability to earn as equivalent to inability to pay. Moreover it appears from the record that appellant can pay more than he has paid, for he can obtain cash in lieu of the government check by following the proper procedure.

Appellant contends that the District of Columbia Code does not authorize imprisonment for enforcement of a maintenance order. This contention is clearly erroneous. Bates v. Bates, 79 U.S.App. D.C. 14, 141 F.2d 723; D.C.Code, 1940, §§ 16—410, 16—411, 16—415. In Rapeer v. Colpoys, 66 App.D.C. 216, 85 F.2d 715, we held that payments of maintenance for children are not enforceable against a divorced father by imprisonment. But that was a case of absolute divorce. Appellant is still a husband. He also contends that he cannot be cited for contempt by service of a motion on his counsel. Since the contempt proceedings were incidental to a pending cause, this contention is also erroneous. Watkins v. Rives, 75 U.S.App. D.C. 109, 116, 125 F.2d 33. He was entitled only to adequate notice, and this he had.

Affirmed.