

Matthew M. Wallrich, of Shawano, Wis., for appellant.

Isadore L. Kovitz, Randal J. Elmer, Abraham Miller and Jacob Cohen, all of Chicago, Ill., for appellee.

Before SPARKS and MINTON, Circuit Judges.

### PER CURIAM.

Appellant filed its motion to have the clerk withhold submitting the estimate for costs of printing the record on this appeal, pending determination by the Emergency Court of Appeals of its petition challenging the validity of the regulation under which judgment was entered in the suit involved in this appeal.

In response to the motion for postponement of printing, appellee filed motion to dismiss the appeal on the ground that it had not been timely taken. Appellee states that the judgment appealed from was entered September 4, 1946, and notice of appeal was not filed until January 16, 1947—more than three months thereafter, hence too late to confer jurisdiction on this court to hear the appeal. In reply, appellant states that it had no notice of the judgment until October 24, and the notice of appeal is from the judgment of this date.

We have examined the record and find that, pursuant to appellant's demand, jury trial was had, and, on January 16, 1946, a special verdict was rendered on the question of the maximum price at which appellant sold its product during the base period for the determination of its ceiling price. Thereafter, appellant moved to set

### PORTER, Adm'r, v. CHIPPEWA COUNTY COOPERATIVE DAIRY.
#### No. 9331.
Circuit Court of Appeals, Seventh Circuit.
April 22, 1947.

---

aside the special verdict or for a new trial, and after that, for an order setting aside the summons and dismissing on jurisdictional grounds, and setting aside the verdict on the grounds of bias of a juror. Later it made another motion to dismiss the complaint because of a claimed exemption of appellant from the provisions of the Act and other reasons.

On August 16, 1946, the court rendered its findings of facts and conclusions of law and decreed that plaintiff's motion for judgment on the verdict be granted, and that plaintiff "may have judgment * * * for $19,546.97 * * *." Appellant filed exceptions to these findings and conclusions. Thereafter, on September 4, judgment was entered for $19,546.97 and costs. On that day, appellant asked leave to file its complaint in the Emergency Court, which leave was granted on October 24, 1946, in an order which recited the entry of the judgment of September 4 for damages, and stayed all proceedings under the judgment during the period within which complaint could be filed in the Emergency Court and the pendency of proceedings thereunder.

The notice of appeal filed January 16 was from the "final judgment entered as of October 24, 1946." The statement of points is directed to the subject matter of the order of September 4.

■ Appellant asserts that it had no notice of the entry of judgment on September 4. However, appellee has submitted a certified copy of the notice and copy of judgment the clerk certifies was sent out on September 4 to appellant, pursuant to the requirements of Rule 77(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ The appeal must be dismissed. It presents no issues as to the judgment of October 24, from which it was taken. That order granted the relief prayed by appellant, namely, leave to apply to the Emergency Court for a determination as to the validity of the regulation involved, with appropriate stay provisions pending decision by that court. Insofar as the appeal seeks to present questions relating to the order of September 4, it is sufficient to say that the appeal was not from that order, and was not taken within the period provided for such appeal.

Appellee's motion to dismiss the appeal is granted, and the appeal dismissed.