MCA, INC. d/b/a MCA Music, a division
thereof, Plaintiff,

v.

Earl WILSON, Jr. et al., Defendants.

No. 74 Civ. 3034.

United States District Court,
S. D. New York.

Jan. 6, 1977.

See also, D.C., 425 F.Supp. 443.

Abeles, Clark & Osterberg by Robert C. Osterberg, New York City, for plaintiff MCA.

Zissu, Stein, Couture & Mosher by James W. Mosher, New York City, for defendants Cunningham, Gnostic Music and D'Lugoff.

Kaplan, Friedman & Zand, P. C., Brooklyn, N.Y., for defendant Wilson.

Martin E. Silfen, P. C., New York City, for defendants Oesterman, LMPC Records and The Libra Co.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

We have before us plaintiff's application for a contempt order against defendant Cunningham. For reasons set forth below, we hold that defendant Cunningham has disobeyed the court's order of November 10, 1976 (entered the next day); accordingly, we are constrained to and do hold the defendant in civil contempt.

The relevant facts follow. On November 10, 1976, we signed an interlocutory judgment in favor of plaintiff and against all defendants herein on the issue of liability for infringement of plaintiff's statutory copyrights in the musical work, "Boogie Woogie Bugle Boy." Defendants were ordered *inter alia* to

"deliver to the United States Marshal for the Southern District of New York [within 10 days of November 11, 1976] for immediate destruction pursuant to 17 U.S.C. sec. 101(d), all copies of the musical work entitled, 'The Cunnilingus Champion of Company C,' in the possession or under the control of any of the defendants, including all recordings, lyric excerpts for souvenir programs, orchestrations and other music sheets, together with all plates, matrices and other means for making the infringing copies, and simultaneously serve and file herein an affidavit specifically identifying each delivered item; . . ."

On November 24, 1976, plaintiff moved, by order to show cause, for a contempt order against all defendants by reason of their failure to comply with the provision of the interlocutory judgment ordering delivery of the infringing articles for destruction.

On December 2, 1976, defendants Libra Co., Earl Wilson, Jr., Art D'Lugoff, and counsel for defendants, James W. Mosher, Esq., submitted affidavits in opposition to plaintiff's contempt application. Subsequently, plaintiff submitted two additional affidavits, dated December 3 and 22, 1976; the latter stated that all defendants except Cunningham had complied with the pertinent provisions of the interlocutory judgment. For that reason, plaintiff concluded that "the application for a contempt order is withdrawn as to all defendants except defendant Billy Cunningham." (Osterberg affid., dated December 22, 1976) Consequently, the only application presently before us is to hold defendant Cunningham in contempt for his failure to comply with the court's order of November 10, 1976.

James W. Mosher, Esq., attorney for defendant Cunningham mailed a copy of the interlocutory judgment to Mr. Cunningham immediately after its entry on November 11, 1976. (Mosher, affid. of December 2, 1976, ¶ 4) Shortly thereafter, Mr. Mosher learned that Cunningham was in Puerto Rico on a "professional engagement" and "all attempts to locate him by calling numerous hotels in Puerto Rico have failed." (Mosher, affid. ¶ 4) Mr. Mosher states that he "strongly believe[s] he [Cunningham] is not even aware of" the interlocutory judgment. (Mosher, affid. ¶ 5) Counsel submits that "it has not been shown that Mr. Cunningham even knows of the judgment herein or has any materials that are subject to surrender." (Mosher, affid. ¶ 6) Accordingly, counsel urges that the application for a contempt order against Cunningham be denied. We cannot agree.

 The facts of the present case indicate that defendant Cunningham was provided with adequate notice of the interlocu-

tory judgment and has failed to comply therewith. At the time of the entry of the interlocutory judgment on November 11, 1976, all parties were mailed notice of such entry, pursuant to Fed.R.Civ.P. 77(d). Such mailing constitutes sufficient notice for all purposes within the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 77(d). Additionally, defendant's counsel admits that he mailed a copy of the interlocutory judgment to defendant. Such notice within the present circumstances is clearly sufficient. See *Ebert v. Ebert,* 80 U.S.App.D.C. 69, 148 F.2d 226 (1945); *Watkins v. Rives,* 75 U.S. App.D.C. 109, 125 F.2d 33 (1941).

■ We summarily dismiss the notion that defendant's absence from his New York address should relieve him from the court's processes. Indeed, a defendant is charged with the responsibility to follow the progress of the litigation and advise himself when the court makes an order against which he wishes to protest. See *Nichols-Morris Corp. v. Morris,* 279 F.2d 81 (2nd Cir. 1960). In the present matter, defendant has maintained strict silence, uttering not a single word on any score to excuse his failure to comply with the interlocutory judgment.

■ Moreover, plaintiff need not prove willfulness to sustain an application for a contempt order based upon defendant's noncompliance with a court order. "Since the purpose [of civil contempt] is remedial, it matters not with what intent the defendant did the prohibited act." *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1948).

■ ■ The question of whether defendant has received sufficient notice of the contempt application is easily disposed of. Since defendant Cunningham has personally appeared in this matter, notice of the contempt motion and supporting papers may be served upon his attorney. See Rule 14, *Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York.* There is no dispute on this point; the order to show cause why defendant Cunningham should not be held in contempt for failure to comply with the interlocutory judgment was duly served upon James W. Mosher, Esq., attorney of record for defendant. Accordingly, we find that defendant has received sufficient notice of the interlocutory judgment and contempt application for the purposes of the instant motion. Cf. *Howard v. Local 74, Wood, Wire and Metal Lathers International,* 208 F.2d 930 (7th Cir., 1953); *Porter v. Chippewa County Co-op Dairy,* 161 F.2d 181 (7th Cir., 1947). On the merits, we hold that a contempt order should issue against defendant Cunningham.

■ The civil contempt power is part of the court's inherent power to enforce its lawful orders. *Shillitani v. U.S.,* 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *Danielson v. United Seafood Workers Smoked Fish & Cannery Union,* 405 F.Supp. 396, 403 (S.D.N.Y., 1975) (Carter, J.). Were this not so, unbridled defiance with its ensuing holocaust would carry the day. It is beyond cavil that a court may impose sanctions for disobedience of its orders. *U.S. v. United Mine Workers,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947). There, the Supreme Court stated: "Judicial sanctions in civil contempt proceedings may . . . be employed . . . to coerce the defendant into compliance with the court's order . . . ." at 303, 67 S.Ct. at 701. The contempt order which is granted herein is a judicial attempt to secure compliance with its interlocutory judgment of November 10, 1976.

■ In conclusion, we find that defendant Cunningham has received sufficient and appropriate notice of the interlocutory judgment and plaintiff's order to show cause. Further, it is clear that defendant has the ability to comply with that judgment. See *United States Steel Corp. v. United Mine Workers,* 393 F.Supp. 942, 947 (W.D.Pa.1975). Accordingly, a civil contempt order is the appropriate remedy to enforce compliance with our order. See *Farber v. Rizzo,* 363 F.Supp. 386, 394 (E.D. Pa.1973). Submit order on notice.

SO ORDERED.