INTERCONTINENTAL FIBRES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court Nos. 73-7-01954, 74-5-01287

(Dated October 1, 1981)

WATSON, *Judge:* Plaintiff has moved under Rules 59 and 60 for a rehearing and for relief from the order dismissing these actions for lack of prosecution.

These cases were dismissed for lack of prosecution on August 12 1981, under Rule 85.[1] That rule provides for the dismissal of suspended actions which have not been removed from the Suspension Disposition Calendar within the period established by the Court following the final determination of the test case under which they were suspended.

In this instance the decision in the test case of *Intercontinental Fibres, Inc.* v. *United States*, 70/41971, became final on March 17, 1977. In accordance with Rule 14.8 of the Rules of the United States Customs Court, which was the precursor of the present Rule 85, the plaintiff was advised that the actions had to be removed from the Suspension Disposition File on or before September 29, 1977. Thereafter, on plaintiff's motion the Court extended the time to remove the cases until 30 days after the final determination of *Henry Pollack, Inc.* v. *W. M. Blumenthal et al.*, D.C.D.C. Civil No. 77–1177, which was an attempt to litigate the matter in the District Court. The dismissal of that District Court action became final when the Supreme Court denied certiorari on October 1, 1979. *Henry Pollack, Inc.* v. *Blumenthal et al.*, 444 F. Supp. 56 (D.C.D.C., 1977) aff'd mem. 593 F. 2d 1471 (C.A.D.C., 1979), *cert. den.* 444 U.S. 836 (1979).

Accordingly these actions became subject to dismissal 30 days after the denial of certiorari although they were not actually dismissed until August 12, 1981.[2]

Plaintiff argues that the dismissal is void for failure of the Clerk of the Court to comply with Rule 85(b) in not giving the parties notice of the date on which the action was ultimately dismissed. Plaintiff further argues that the dismissal order violated its right to due process of law.

---

[1] Rule 85. Suspension Disposition Calendar:

(a) Suspension Disposition Calendar. A Suspension Disposition Calendar is establis' ed on which an action which was suspended under a test case shall be placed after the test case is finally determined, dismissed or discontinued.

(b) Time—Notice. An action may remain on the Suspension Disposition Calendar for a period to be established by the judge to whom the action was assigned, or by the judge who decided the test case. This period shall not exceed 18 months from the time the action is placed on the Suspension Disposition Calendar. The clerk shall notify the parties of the date on which the action will be dismissed for lack of prosecution unless removed from the Suspension Disposition Calendar.

(c) Removal From Calendar. An action may be removed from the Suspension Disposition Calendar upon: (1) filing of a complaint, (2) filing of a demand for an answer when a complaint previously was filed, (3) granting of a motion for consolidation pursuant to Rule 42, (4) granting of a motion for suspension under another test case pursuant to Rule 84, (5) filing of a submission for decision upon an agreed statement of facts, (6) granting of a dispositive motion, (7) filing of a request for trial, or (8) granting of a motion for removal.

(d) Dismissal for Lack of Prosecution. An action not removed from the Suspension Disposition Calendar within the established period shall be dismissed for lack of prosecution, and the clerk shall enter an order of dismissal without further direction of the court, unless a motion is pending. If a pending motion is denied and less than 10 days remain in which the action may remain on the Suspension Disposition Calendar, the action shall remain on the Suspension Disposition Calendar for 10 days from the entry of the order denying the motion.

[2] Plaintiff mistakenly asserts that these actions were transferred to the so-called *Alcan* suspension disposition file, which expired on April 27, 1981, 30 days after the denial of certiorari in *Cornet Stores* v. *Azie Taylor Morton*, Civil No. 78–3183 (C.A. 9).

The Court finds no violation of Rule 85 and certainly no deprivation of due process. The initial notice by the Clerk informed the parties of the expiration date of the newly formed suspension disposition file. That is the only necessary notification under Rule 85 and the only notice with due process implications for the simple reason that the first setting of the expiration date is done by the Court itself without motions by the parties and might otherwise remain unknown to them.

If that expiration date is later extended upon motion of the parties they are informed in the resulting order of the new expiration date and additional notice from the Court is not required by Rule 85.

It is reasonable to expect a party to remain aware of the new expiration date established as the result of the granting of its motion. It is unreasonable to expect the Court to issue repeated reminders each time a party obtains an extension of time. If the new date is fixed by reference to the future date of finality of a named action it is entirely proper to expect the party whose rights are subject to that date to maintain a close watch on the named action. Nor is the determination of when an action is disposed of by the Supreme Court a matter in which a party should need the assistance of this Court. Those whose rights hinge on the progress of other actions have the duty to follow those actions closely. This is the general policy of the Federal Rules of Civil Procedure and ought to apply with equal force in this Court. Cf. *Universal Film Exchanges, Inc.* v. *Lust,* 479 F. 2d 593 (C.A. 4, 1973); *Nichols-Morris Corp* v. *Morris,* 279 F. 2d 81 (C.A. 2, 1960); *MCA Inc. d.b.a. MCA Music* v. *Wilson,* 425 F. Supp. 457 (S.D.N.Y. 1977).

The purpose of suspension is not to create a reservoir of future litigation or to preserve actions for last-minute revivals. Its purpose is to encourage disposition in accordance with test cases. Removal from a suspension disposition file is the unavoidable responsibili.y of the party seeking to avoid dismissal. It does not follow from the fact that these suspension disposition files also serve the interest of Court efficiency that the actions they contain can be immunized from normal considerations of diligence.

The dismissal procedure utilized in these actions does not raise a genuine question of deprivation of due process. The cases cited by plaintiff were all instances of important adverse actions taken without notice to the affected party. These included designation of organizations as "Communist" in *Anti-Facist Committee* v. *McGrath,* 341 U.S. 123 (1951) and the issuance of executions and writs against property in *Coe* v. *Armour Fertilizer Works,* 237 U.S. 413 (1914). IIere a party merely seeks an additional reminder of something about which it already had notice. Nor is the expression of the deadline for

prosecution of a legal action in terms of the finality of another action comparable to the newspaper notice to trust fund beneficiaries found insufficient in *Mullane* v. *Central Hanover Trust*, 339 U.S. 306 (1950). Here the party is already involved in a specific judicial proceeding, should be well aware of an impending expiration date and is not the victim of an unexpected and diffuse method of notification.

For the above reasons the Court concludes that it should not set aside the dismissal of these cases for lack of prosecution. It is therefore Ordered that plaintiff's motion be denied in all respects.