The MENNEN COMPANY,
Plaintiff-Appellant,

v.

The GILLETTE COMPANY,
Defendant-Appellee.

No. 302, Dockets 83–7583, 83–7647
and 83–7649.

United States Court of Appeals,
Second Circuit.

Argued Sept. 15, 1983.

Decided Oct. 5, 1983.

Robert G. Sugarman, Weil, Gotshal & Manages, New York City (Deborah M. Lodge, Susanna M. Lowy, New York City, of counsel), for plaintiff-appellant.

Marie V. Driscoll, Cooper, Dunham, Clark, Griffin & Moran, New York City (Maxwell Breslau, Boston, Mass., of counsel), for defendant-appellee.

Before KAUFMAN, MESKILL, and PIERCE, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

We have before us several issues, all of them presenting the common question of whether the Mennen Co.'s notice of appeal of the dismissal of its trademark infringement suit against the Gillette Co. was timely filed. Mennen appeals from Judge Pollack's order denying its motion for an extension of time to appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure,[1] or, alternatively, for vacation of the judgment of dismissal to permit an appeal

---

1. Rule 4(a)(5), Fed.R.App.P., provides in pertinent part:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expira-

tion of the time prescribed by this rule 4(a) ... No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

under Rule 60(b) of the Federal Rules of Civil Procedure.[2] Gillette moves to dismiss Mennen's appeal of the judgment on the merits as untimely, and to dismiss appeals of separate judgments on attorneys' fees and costs as not presenting appealable issues. Because we find that Mennen's failure to file timely notice of appeal was the result not of its own negligence but of action by the clerk of the district court which misled the appellant, we deny the motions to dismiss and remand to that court with instructions to extend Mennen's time to appeal under Rule 4(a)(5).

The parties in this case are both titans in the manufacture and marketing of personal grooming aids, shaving accessories and similar items. Mennen initiated the underlying suit, from which this procedural controversy arose, in an attempt to bar Gillette's adoption on its Right Guard deodorant and anti-perspirant packages of a design consisting of a two-colored diagonal stripe. Claiming that this symbol bore a close resemblance to a two-stripe logo long used on its products, Mennen sued for a number of unfair trade practices. On May 27, 1983, the district judge, finding all claims meritless, ordered the suit dismissed, with attorneys' fees and costs awarded to Gillette.

In delivering his opinion from the bench, the judge instructed the parties to "[s]ubmit judgment on notice." Pursuant to this instruction, Gillette's counsel prepared a judgment, which was submitted to the Court and to Mennen. It was noticed for settlement on June 9, 1983. This proposed judgment contained three decretal paragraphs. One dismissed the case on the merits, and two awarded attorneys' fees and costs, respectively. The judgment was signed by the judge at a conference with the parties on June 14, 1983, entered by the clerk in the docket on June 15, and noted in the New York Law Journal on June 20.[3] A further judgment on costs, which referred to the prior judgment of June 15, was docketed June 24.

Without knowledge of the parties, however, the clerk had already entered a judgment on May 31 based on the judge's decision of May 27, contrary to the judge's direction to the parties to "[s]ubmit judgment on notice." This judgment likewise dismissed the complaint, and also awarded fees and costs. The erroneous entry of judgment apparently stemmed from faulty Minutes prepared by Judge Pollack's Deputy Clerk, although his transmittal memorandum to the Docket Clerk had been properly marked "judgment to be submitted" rather than "order signed." The existence of two redundant judgments must have been brought to the attention of the district judge some time prior to June 28, for on that day he made several modifications in the June 15 judgment which were intended to clarify, retroactively, that the June 15 judgment dealt only with attorneys' fees and costs, while the May 31 judgment disposed of the substantive claims.[4]

On July 13 Mennen, by substitute counsel, filed a notice of appeal from the judgments of June 15, June 24 and June 28. Shortly thereafter, Mennen became aware of the entry of the May 31 judgment, and immediately petitioned the district court for an extension of time to appeal it. Judge Pollack denied the motion, and Mennen appealed the denial of that motion and the entry of the May 31 judgment as well. Gillette moves to dismiss the latter appeal

**2.** Rule 60(b), Fed.R.Civ.P., provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

**3.** An earlier notation on the case had appeared in the *New York Law Journal* on June 3, but was accompanied by the symbol used to report an order (*o*), not a judgment (j).

**4.** The title on the June 15 judgment, as entered in the docket, had at some point been changed from simply "Judgment" to "Final Judgment for Attorneys' Fees," and the judge further amended it by deleting the word "Final." In addition, he appended the words "to be added at the foot of the judgment entered heretofore" to the paragraphs of the June 15 judgment awarding fees and costs.

as untimely, and the prior appeal as extending only to the fees and costs issues, which were agreed upon by the parties and hence, Gillette argues, were unappealable.

Mennen petitioned the district court for relief under both Rule 4(a)(5), Fed.R.App.P., which allows a 30-day extension of time to file a notice of appeal where excusable neglect or other good cause are shown, and Rule 60(b), Fed.R.Civ.P., which authorizes the vacating of final judgments for, *inter alia,* mistake, inadvertence, surprise, excusable neglect, or "any other reason justifying relief . . . ."[5] We need not, however, pass on the Rule 60(b) standard here, because Mennen qualifies for relief through the narrow window which Rule 4(a)(5) affords.

We are aware that the mere failure of the clerk to give the parties notification that judgment has been entered does not provide grounds for a finding of excusable neglect nor warrant an extension of time to appeal. Rule 77(d), Fed.R.Civ.P.; *Fase v. Seafarers Welfare and Pension Plans,* 574 F.2d 72, 76–77 (2d Cir.1978); *Nichols-Morris Corp. v. Morris,* 279 F.2d 81, 82–83 (2d Cir.1960). In addition, it is customarily the duty of trial counsel to monitor the docket and to advise himself when the court enters an order against which he wishes to protest. *MCA, Inc. v. Wilson,* 425 F.Supp. 457, 459 (S.D.N.Y.1977). One who fails to do so is indeed negligent, but where the omission occurs because the party has been misled by action of the court or its officers, such neglect may be excusable. *See Hernandez-Rivera v. Immigration & Naturalization Service,* 630 F.2d 1352 (9th Cir.1980); *Lieberman v. Gulf Oil Corp.,* 315 F.2d 403 (2d Cir.), *cert. denied,* 375 U.S. 823, 84 S.Ct. 62, 11 L.Ed.2d 56 (1963). A particularly apposite case is *Babich v. Clower,* 528 F.2d 293 (4th Cir.1975). Plaintiff there was represented by both local and trial counsel, and to obviate possible confusion, the judge expressly directed the clerk to transmit his order to "all counsel of record." *Id.* at 295. Trial counsel never received the order, and failed to file a timely notice of appeal. While lack of notice normally will not excuse untimeliness, the court held that an extension of time was warranted where counsel had relied upon the judge's own instruction, with which the clerk did not comply.

Such is the case here. Mennen's initial ignorance of the May 31 judgment was attributable to the clerk's failure to abide by Judge Pollack's precise instructions, not to Mennen's own negligence. There were, subsequently, no clues offered to Mennen which would have been sufficient to alert it to the existence of the phantom judgment.[6] Gillette argues that the judge's June 28 modification and re-entry of the June 15 judgment was Mennen's last clear chance to inform itself that its claims had been dis-

---

**5.** While Rule 60(b) sanctions vacating and reentry of judgments solely to revive the right to appeal, *Hill v. Hawes,* 320 U.S. 520, 524, 64 S.Ct. 334, 336, 88 L.Ed. 283 (1944), the relationship of the two rules and of the standards which govern their application is murky. *See* 9 *Moore's Federal Practice* (1982) § 204.13[5]. It is evident that a somewhat more stringent test must govern petitions for relief under Rule 60(b); were this not so, the binding time constraints imposed by Rule 4(a)(5) would be completely eroded by the open-ended relief offered by Rule 60(b). This Court has suggested in dicta that a 60(b) applicant must go beyond the requirement of excusable neglect and make an additional "showing of diligent effort by counsel to ascertain the status of the case." *Mizell v. Attorney General of the State of New York,* 586 F.2d 942, 944–45 n. 2 (2d Cir.1978), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (1979). In sum, a party must show an affirmative if ultimately fruitless effort to track the progress of its litigation, not merely an acceptable excuse for failure to do so.

**6.** Mennen quite reasonably assumed that the June 3 *Law Journal* notation referred to Judge Pollack's order from the bench, as the symbol accompanying it indicated. The proposed form of judgment submitted by Gillette incorporated standard decretal language dismissing the complaint on the merits, in addition to its suggested fees settlement. Gillette does not dispute Mennen's assertion that no mention was made of any prior judgment at the June 14 conference, nor that the title of the June 15 judgment was altered to read "Final Judgment for Attorneys' Fees" only after the conference and upon entry in the docket. The June 24 bill of costs, to which Gillette points as evidence of an additional oversight on Mennen's part, made reference only to a prior judgment entered June 15.

missed on the merits May 31. The June 28 change did indeed suggest the existence of the earlier judgment, for Judge Pollack let the June 15 date stand while at the same time adding handwritten references to an unspecified "judgment entered heretofore" so as to clarify the scope of each of the two previously entered judgments. The district judge acted, however, only two days prior to the expiration of Mennen's 30-day period for appealing from the May 31 judgment, and no notice was given to the parties. Only by monitoring the docket on a daily basis could Mennen have apprised itself of the June 28 modification in time to protect its right of appeal; this is more than any litigant in these circumstances should be required to do.

The record does not appear to us to support an inference of procrastination, ineptitude or dilatoriness on Mennen's part. Rather, it reflects good faith error by a party who was deceived by a chain of unfortunate events upon which it was entitled to, and did, rely. Accordingly, we find that the trial court abused its discretion in deciding that Mennen had failed to make a showing of excusable neglect so as to extend the time to serve and file its notice of appeal.

Accordingly, we deny Gillette's motion to dismiss the substantive appeal. We reverse the district judge's order denying the application for an extension of time, and remand with instructions to grant Mennen such additional time, under Rule 4(a)(5), as is necessary to take its appeal of the May 31 judgment to this court. We also deny Gillette's motions to dismiss the appeals relating to the attorneys' fees and costs awards, preferring to leave these issues for consideration together on appeal of the other judgments entered in this case. In taking this action we express no view on the merits.