856 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederico GARCIA, Plaintiff-Appellant,
v.
Pam WITHROW, Defendant-Appellee.
 No. 87-1661.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr., and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner appeals the judgment denying his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. Because petitioner has failed to file his notice of appeal in a timely manner, we dismiss.
 
 
 2
 A Michigan jury convicted the petitioner in 1982 for the offense of first degree criminal sexual conduct. He was sentenced to a term of 40-90 years imprisonment. The Michigan Court of Appeals affirmed the conviction on direct appeal and the Michigan Supreme Court denied leave to appeal.
 
 
 3
 The petitioner raised a total of seven claims in his habeas action: (1) trial counsel rendered ineffective assistance; (2) the prosecutor coerced the prosecuting witness; (3) the conviction resulted from unrelated and collateral matters; (4) the conviction resulted from the admission of hearsay and other inadmissible evidence; (5) the sentence was excessive; (6) he was denied a fair trial; and (7) there was improper communication with the jury. The district court held all of these claims to be without merit and denied relief.
 
 
 4
 The record shows the district court's memorandum opinion and order (dated May 27, 1987) and judgment form were entered on the district court docket on May 29, 1987, and mailed to petitioner on the same date. On June 15, 1987, however, a second copy of the memorandum opinion and order (this one dated June 8, 1987) was entered on the docket and again mailed to the petitioner. The petitioner filed his notice of appeal on July 8, 1987, i.e., 40 days after the docket date of the first order and 23 days after the docket date of the second order.
 
 
 5
 Pursuant to Fed.R.App.P. 4(a)(1), the petitioner had 30 days from the entry of judgment in which to file a timely notice of appeal. Compliance with this requirement is mandatory and jurisdictional. Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Using the May 29 date as the appropriate judgment date in this case, the district court denied a certificate of probable cause on the grounds that the appeal was untimely.
 
 
 6
 The receipt of the record on appeal is construed as an application to this court for a certificate of probable cause. Fed.R.App.P. 22(b). In light of the fact that a second copy of the district court's memorandum opinion and order was docketed and mailed to the petitioner on June 15, 1987, this court granted the petitioner's application for a certificate of probable cause based on our conclusion that "this appeal raises an issue of detrimental reliance, see, e.g., Thompson v. Immigration & Naturalization Service, 375 U.S. 384 (1964); Mennen Co. v. Gillette Co., 719 F.2d 568 (2d Cir.1983); Textor v. Board of Regents, 711 F.2d 1387, 1390-91 (7th Cir.1983), which should be addressed by the parties." (Order, December 28, 1987). This court specifically directed: "Besides the claims raised by the petitioner in the district court, the parties should also brief the issue of detrimental reliance raised above." Id.
 
 
 7
 A party's failure to file a notice of appeal within 30 days of entry of the district court's judgment or order appealed from normally prevents us from hearing the appeal. However, there is a narrow exception to this rule.
 
 
 8
 In Thompson, the petitioner filed an untimely Rule 59 motion. Fed.R.Civ.P. 59. The Immigration Service raised no objection regarding the timeliness of the petitioner's motion, and the trial court assured the petitioner that the motion was made " 'in ample time.' " 375 U.S. at 385. Relying on the district court's assurance that the Rule 59 motion was made in ample time, petitioner was under the mistaken belief that the filing period for a notice of appeal had been tolled and he waited until after the trial court had disposed of his post-trial motions before filing his notice of appeal. The Supreme Court held that in this situation, the appeal should be treated as timely. In reaching this conclusion, the Supreme Court referred to its holding in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 217 (1962), wherein the Court attributed a great deal of significance to "the obvious great hardship to a party who relies upon the trial judge's finding of 'excusable neglect' prior to the expiration of the [applicable period for filing an appeal] and then suffers reversal of the finding" after the time for filing the appeal has expired.
 
 
 9
 In Textor v. Board of Regents, 711 F.2d 1387 (7th Cir.1983), the plaintiff filed her Rule 59 motion in an untimely manner. The district court denied her Rule 59 motion but did not do so on the basis of untimeliness. Five days later, while the plaintiff could still have filed a timely notice of appeal, the district court struck its earlier order and granted the plaintiff time to file a memorandum in support of her Rule 59 motion. In reliance upon the district court's order, plaintiff prepared a memorandum in support of her Rule 59 motion rather than a notice of appeal. The Seventh Circuit concluded that the district court erred in considering her Rule 59 motion but that, in such a circumstance, this error should not deprive the plaintiff of her right to appeal.
 
 
 10
 The Second Circuit reached a similar conclusion in Mennen Co. v. Gillette Co., 719 F.2d 568 (2d Cir.1983). There, the clerk erroneously entered a judgment contrary to the judge's direction to the parties to " '[s]ubmit judgment on notice.' " Id. at 569. As a result of this and a series of other unusual events, the time to appeal ran out prior to the filing of a notice of appeal. The Second Circuit pointed out that the "mere failure of the clerk to give the parties notification that judgment has been entered does not provide grounds for a finding of excusable neglect nor warrant an extension of time to appeal," but concluded that where a "party has been mislead by action of the court or its officers, such neglect may be excusable." Id. at 570.
 
 
 11
 In the Thompson, Textor, and Mennen cases, the district court had given some positive and direct indication to the defeated party that the time for filing an appeal had been tolled. In the case presently before this court, however, no such positive and direct indication took place. The issuance of the second copy of the district court's memorandum opinion and order was clearly an administrative error. With the exception of the discrepancy in the date stamp, the order entered on June 15, 1987, is identical to the order entered on May 29, 1987. There is nothing in the order indicating that the time for filing an appeal had been tolled nor was there any statement or other indication to that effect by the district court or its officers.
 
 
 12
 Petitioner has not asserted any defense for his failure to file his notice of appeal within 30 days of the May 29, 1987, entry of the district court's order denying his petition for habeas corpus relief. In fact, petitioner failed to even address this issue in his pro se brief despite this court's specific direction to do so. (Order, December 28, 1987).
 
 
 13
 We conclude that this court is without jurisdiction to hear petitioner's appeal due both to petitioner's failure to file his notice of appeal within the 30-day time limit imposed by Fed.R.App.P. 4(a)(1), Peake, and his failure to establish that his untimeliness falls within the narrow exception to that mandatory requirement. Thompson; Textor; Mennen. Petitioner's appeal of the district court's order denying his petition for habeas corpus relief is therefore DISMISSED.[1]
 
 
 
 [1]
 In the event that we had concluded that petitioner filed his notice of appeal in a timely manner, we would have affirmed Judge Zatkoff's well-reasoned and thorough decision denying petitioner's application for a writ of habeas corpus on the merits