**Thomas HOFFMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 80 CV 1455.**

United States District Court, E.D. New York.

Nov. 27, 1989.

---

Newman, O'Malley and Epstein, P.C. by Lawrence Epstein, New York City, for plaintiff.

David Huchinson, Asst. Director, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION AND ORDER

### COSTANTINO, District Judge.

Plaintiff moves this Court pursuant to Fed.R.Civ.P. 59 and Rule 3(j) of the Local Rules of the Eastern District of New York for an order granting reargument of defendant's motion for entry of an amended final judgment pursuant to Fed.R.Civ.P. 60(b). Plaintiff also moves for an order vacating this Court's previous order as well as for an order denying defendant's motion for entry of an amended judgment. For the reasons to follow, plaintiff's motion is granted in all respects.

*Facts:*

The history of this lengthy litigation is fully set forth in this Court's Memorandum and Order dated November 1, 1988. (See Memorandum and Order dated November 1, 1988 CV–80–1455) For the purposes of this motion, the following facts are pertinent:

On November 1, 1988, this Court issued a Memorandum and Order awarding plaintiff the sum of $2,374,284 in damages stemming from a non-jury personal injury trial this Court presided over. In accordance with the order, judgment was entered on November 8, 1988. The defendant filed a timely notice of appeal on January 4, 1989. Pursuant to Rule 42(b) of the Fed.R.App.P. a stipulation of withdrawal was entered in the Second Circuit Court of Appeals withdrawing defendant's appeal. The basis of the withdrawal was that the November 1, 1988 order was not considered a final order due to the fact that the defendant's cross claim against plaintiff's employer had not been determined. On February 22, 1989, the defendant filed a motion for an order denying their remaining cross claim and for entry of a final judgment. On February 28, 1989, this Court granted defendant's motion and final judgment was duly entered. On March 31, 1989 plaintiff filed a cross motion seeking an order clarifying the November 1, 1988 order by breaking down the pain and suffering award into past and future time components. On August 22, 1989 plaintiff's motion was granted. On September 18, 1989 having received no notice of appeal as to the February 28, 1989 judgment, the plaintiff demanded payment from the defendant. On October 6, 1989, defendant moved this Court pursuant to Fed.R.Civ.P. 60(b)(1) and (6) for entry of an Amended Final Judgment on the grounds that the February 28, 1989 judgment was not mailed to counsel in violation of Fed.R.Civ.P. 77(d). By order dated October 18, 1989, defendant's motion was granted. It is this order plaintiff now seeks to reargue[1] and upon such reargument moves to have such order vacated.

*Discussion:*

Rule 60(b) of the Federal Rules of Civil Procedure states:

> On motion ..., the court may relieve a party ... from a final judgment, ... for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (6) other reason justifying relief from operation of the judgment.

Rule 77(d) which defendants based their Rule 60(b) motion on states:

> Immediately upon the entry of ... judgment the Clerk shall serve a notice of the entry by mail ... upon each party ... lack of notice of the entry by the Clerk does not affect the time to appeal ... or authorize the Court to relieve a party for failure to appeal within the time allowed,

---

1. It should be noted for the record that no argument was held on this issue and plaintiff did not submit any papers in opposition.

except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.

In *Orshan v. Macchiarola,* 105 F.R.D. 534 (E.D.N.Y.1985), the court held that not only Rule 77(d)'s plain language ("lack of notice ... by the Clerk does not affect the time to appeal") but its unequivocal legislative history manifest the drafter's intent:

> Notification by the Clerk is merely for the convenience of litigants. And lack of such notification in itself has not effect upon the time to appeal ... It would, therefore, be entirely unsafe for a party to rely on absence of notice ...

*Orshan* at 537

The Court in *Orshan* goes on to discuss the Second Circuit Law and concludes that under *Mennen Co. v. Gillette Co.,* 719 F.2d 568 (2d Cir.1983) and *Mizell v. Attorney General of New York,* 586 F.2d 942 (2d Cir.1978) the Second Circuit "charges a Rule 60(b) movant, principally urging a Rule 77(d) error, with an independent demonstration of 'diligent effort' in monitoring suit." *Orshan* at 541. *See also International Controls v. Vesco,* 556 F.2d 665 (2d Cir.1977).

Defendant has failed to demonstrate an "independent demonstration of due diligence" and as such their original order for an amended judgment must be vacated and plaintiff's motion to deny such motion must be granted. Defendant's only opposition to plaintiff's motion is that counsel for the government was misled, through no apparent fault of anyone, when plaintiff's cover letter forwarding his cross-motion contained the representation that "I was advised the court will be in touch with the parties." Accepting this representation by plaintiff as accurate, it does not rise to the level of diligence required by a party to monitor the suit. Defendant's Amended Judgment was signed by this Court on February 28, 1989 and appeared as such in the New York Law Journal the following day. It wasn't until plaintiff demanded payment of the defendant on September 18, 1989 (almost seven months later) that defendant first learned of the February 28, 1989 judgment. Defendant has not come forward with any evidence that they took any affirmative steps to inquire about the status of the Amended Judgment they sub-

mitted. Defendant's statement that their office was tied up due to the Exxon Oil spill is not persuasive. If defendant had checked the records, it would have noticed that the Court signed an order on August 22, 1989 which broke down the damage award into past and future suffering. This order could have deemed an amended judgment and defendant's time to appeal would have started anew. However, defendant choose to file a 60(b) motion and not a notion of appeal. It wasn't until October 23, 1989 that defendant filed his notice of appeal. Such notice is also untimely since the last order was entered on August 22, 1989.

*Conclusion:*

For the reasons articulated above, plaintiff's motion to vacate defendant's Rule 60(b) motion is granted, and upon vacatur the defendant's motion for an Amended Judgment is denied.

SO ORDERED.