**UNITED STATES of America,**

v.

**James W. SMEDLEY, Defendant.**

**Nos. 87 Cr. 271 (JES), 88 Civ. 5699 (JES).**

United States District Court, S.D. New York.

Feb. 16, 1990.

---

Otto G. Obermaier, U.S. Atty., S.D.N.Y., Annemarie Levins, Asst. U.S. Atty., New York City, for U.S.

James W. Smedley, Littleton, Colo., pro se.

SPRIZZO, District Judge.

Defendant James W. Smedley seeks an extension of time to appeal the Court's Order of February 22, 1989, which denied his motion to reconsider the Court's prior Orders denying him relief under 28 U.S.C. § 2255 and Fed.R.Crim.P. 35.[1] In his motion the defendant alleged that he did not receive the Court's Order until August 15, 1989.[2]

The defendant filed his motion for an extension of time to appeal pursuant to Fed.R.App.P. 4(a)(5) on September 8, 1989, well after his time to appeal or move for an extension of time under the Rule's strict time limits had passed. Accordingly, the defendant's motion for relief under Fed.R. App.P. 4(a)(5) is denied. *See Matarese v. LeFevre,* 801 F.2d 98, 104–05 (2d Cir.1986), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987); *DeRango v. United States,* 864 F.2d 520, 522 (7th Cir.1988); *Silvia v. Laurie,* 594 F.2d 892, 893 (1st Cir.1979); *Elmore v. Henderson,* 1989 WL 88721, 1989 U.S. Dist. LEXIS 8742 (S.D. N.Y. July 28, 1989) (85 Civ. 0579 (WCC)).

However, because defendant is a *pro se* prisoner and because the Court's review of the matter indicated that the defendant was transferred to a different correctional facility at the time the Court's Order was mailed to him,[3] the Court construed defendant's motion as an application for relief under Fed.R.Civ.P. 60(b) and requested a response from the government. *See Burkett v. Cunningham,* 826 F.2d 1208, 1216– 17 (3d Cir.1987); *see also International Controls Corp. v. Vesco,* 556 F.2d 665, 668 n. 2 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978).

In response, the government stated that it did not oppose the defendant's request for an extension of time within which to file his notice of appeal. *See* Letter of AUSA Annmarie Levins to Hon. John E. Sprizzo (February 9, 1990). The government stated that "[i]t is quite possible that as a result of his transfer to the federal

---

**1.** The Court's Order of February 22, 1989 provided that the defendant's sentence, which originally provided for seven years incarceration followed by a period of supervised relief of five years, be corrected to state that the supervised release time of five years was changed to a term of special parole of five years. The defendant's motion was denied in all other respects and all other provisions of the original judgment remained in full force and effect.

**2.** The Court notes that Smedley inquired about the status of his motion on at least two occasions. *See* Letter of James W. Smedley to Raymond F. Burghardt (May 30, 1989); Letter of James W. Smedley to Raymond F. Burghardt (July 10, 1989). There is no indication in the

Court's records of any response to these letters, although it is the Court's general practice to provide parties who inquire about the status of a matter which has already been decided with duplicate copies of the relevant Order.

**3.** The government's first letter stated that the defendant left the federal correctional facility in Texarkana, Texas on March 15, 1989 and arrived at the federal correctional facility in Littleton, Colorado on March 23, 1989. *See* Letter of AUSA Annmarie Levins to Hon. John E. Sprizzo (February 2, 1990). The Court's Order would have been mailed to the defendant at the Texarkana address on February 23, 1989 or shortly thereafter in accordance with the normal practice of Chambers.

correctional facility in Littleton, Colorado, Smedley did not receive timely notice of the Court's decision on his motion and thus was unable to file timely notice of appeal." *Id.* The government also noted that it would not be prejudiced by a delay in filing the defendant's appeal. *Id.*

■ It is clear that in exceptional cases a Court may grant relief under Fed.R.Civ.P. 60(b) by vacating and re-entering the judgment to allow a party to appeal even if they are time barred under Fed.R.App.P. 4(a)(5). *See, e.g., Burkett v. Cunningham,* 826 F.2d 1208, 1216–17 (3d Cir.1987); *Harnish v. Manatee County,* 783 F.2d 1535, 1538 (11th Cir.1986); *Wallace v. McManus,* 776 F.2d 915, 917 (10th Cir.1985) (per curiam); *Mennen Co. v. Gillette Co.,* 719 F.2d 568, 570 n. 5 (2d Cir.1983); *Felshina v. Schweiker,* 707 F.2d 71, 72 (2d Cir.1983) (per curiam); *Elmore, supra,* 1989 WL 88721, 1989 U.S. Dist. LEXIS 8742. The Court concludes that this application meets the "stringent" test for relief under Rule 60(b). *Mennen, supra,* 719 F.2d at 570 n. 5; *see also Rizzo v. Bureau of Prisons,* No. 84 Civ. 1884 (JFK), 1986 WL 2405 (S.D.N.Y. February 20, 1986) (available on LEXIS).

In *Burkett v. Cunningham, supra,* the Court held that relief under Rule 60(b) was appropriate because of the following factors: the petitioner was incarcerated and was unable to take extensive measures to ascertain the status of his petition; the petitioner had been diligent in corresponding with the court to check on the status of his petition; the petitioner had been transferred from jail to jail; the clerk had written to petitioner and advised him that he would receive copies of the Court's decision; he received the Court's decision after his time to move under Fed.R.App.P. 4(a)(5) had expired; his prompt action upon receiving the Court's Order; and the lack of prejudice to the government. *See* 826 F.2d at 1216; *see also Elmore, supra* 1989 WL 88721, 1989 U.S. Dist. LEXIS 8742 (granting relief under Rule 60(b) under similar circumstances).

■ It is clear that the present case is similar to *Burkett.* Smedley is presently incarcerated and was transferred to another correctional institution at the time the Court's Order was mailed to him. As the government notes, it is quite possible that he did not receive the Order until after his time to appeal had expired because of this transfer. Smedley diligently inquired about the status of his petition and acted promptly after receiving notice of the Court's decision, even though he was clearly time barred when he received the Court's Order in August. Moreover, the government does not oppose the request for an extension of time to appeal and agrees that it will not be prejudiced by an Order vacating the prior Court Order which would allow the petitioner to appeal. The combination of these factors leads the Court to conclude that this case presents circumstances sufficient to warrant relief under Fed.R.Civ.P. 60(b).

Accordingly, the Court's Order dated February 22, 1989 is hereby vacated and a new Order entered as of this date denying the motion for a reduction or correction of defendant's sentence except that the imposition of supervised release time of five years shall be corrected to be the imposition of a special parole term of five years. All other provisions of the original judgment shall remain in full force and effect.

IT IS SO ORDERED.