08-5374-cv
Porter v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> JOSEPH M. McLAUGHLIN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

Howard Porter, on behalf of R.B.,

> *Plaintiff-Appellant,*

> v.                                        08-5374-cv

City of New York, State of New York, William Bell, Administration for Children's Services (ACS), Michael Bloomberg, Jacqueline Fuentes, Antilla Caldwell, Dana Weber, Terrence McElrath,

> *Defendants-Appellees,*

Debra Boyle, John Papajik, John (Jane) Doe, Maria Briggs, Mario Acunzo, Roseann Ashby, Terrence McElrath,

> *Defendants.*

_____

FOR APPELLANT:          Howard Porter, pro se, Brooklyn,
                        New York.

FOR APPELLEES:          Cheryl Payer, Assistant Corporation Counsel
                        (for Michael A. Cardozo, Corporation Counsel
                        of the City of New York); New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Howard Porter, *pro se*, appeals from the district court's order denying his motion for reconsideration of the district court's order denying his motion for an extension of time to file a notice of appeal. We assume the parties' familiarity with the facts and procedural history.

As an initial matter, Porter's notice of appeal is timely only as to the district court's order entered on September 30, 2008. *See* Fed. R. App. P. 4(a)(1); 28 U.S.C. § 2107. Upon review of the record and case law, we conclude that the district court did not abuse its discretion in denying Appellant's motion for reconsideration because he was not entitled to an extension of time to appeal.

We review a district court's denial of a motion for an extension of time to file an appeal for abuse of discretion. United States v. Carson, 52 F.3d 1173, 1180 (2d Cir. 1995). Likewise, we review a district court order granting or denying a

2

Rule 60(b) motion for relief from a final judgment for abuse of discretion. Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998). In the context of a Rule 60(b) motion, "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Id. at 729 (internal quotation marks omitted).

In this case, the district court did not abuse its discretion in denying relief under Rule 60(b). To the extent Appellant, pursuant to Rule 60(b), sought to have the district court reconsider its denial of an extension of time to file a notice of appeal under Rule 4(a)(5), the district court correctly denied his request. See Mennen Co. v. Gillette Co., 719 F.2d 568, 570 n.5 (2d Cir. 1983) ("[A] somewhat more stringent test must govern petitions for relief under Rule 60(b); were this not so, the binding time constraints imposed by Rule 4(a)(5) would be completely eroded by the open-ended relief offered by Rule 60(b)."). Within the context of Rule 60(b), "the mere failure of the clerk to give the parties notification that judgment has been entered does not provide grounds for a finding of excusable neglect nor warrant an extension of time to appeal," and it is the duty of the litigant to monitor the docket and determine when the district court has filed an order to which he wishes to object. Id. at 570. Indeed, this Court has suggested that under

Rule 60(b) an applicant must go beyond the requirement of excusable neglect and show that he made diligent but unsuccessful efforts to determine the status of the case.  See Mizell v. Attorney Gen. of the State of N.Y., 586 F.2d 942, 944-45 n.2 (2d Cir. 1978).  Appellant has made no such showing.

Moreover, Appellant is ineligible for relief because he did not file his motion within the applicable time limits set out in Rule 4(a)(5) or Rule 4(a)(6).  Under Rule 4(a)(5), Appellant's motion filed in October 2007 was well outside of the 60-day time window for moving for an extension of time to appeal the judgment entered in June 2007.  See Fed. R. App. P. 4(a)(5).  Rule 4(a)(6) permits a district court to reopen the time to file a notice of appeal if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Rule 77(d) provides that notice must be served as provided in Rule 5(b).  Fed. R. Civ. P. 77(d).  Rule 5(b) in turn provides for service by a variety of physical and electronic means.  Fed. R. Civ. P. 5(b).

Appellant alleged that he received notice of the final judgment, at the latest, on September 6 or 7, 2007, when he

4

visited the district court in person in New York City. On appeal, Appellant does not contest the validity of the notice of judgment he received in September 2007, but instead cites to Avolio v. County of Suffolk, 29 F.3d 50 (2d Cir. 1994), and contends that the district court erred in requiring him to show that his failure to learn of the judgment earlier resulted from excusable neglect. Unlike the appellant in Avolio, however, because Appellant did not file his motion for an extension of time to appeal until October 4, 2007, well outside Rule 4(a)(6)'s seven-day time limit, he was ineligible for an extension of time.

We have considered all of Appellant's remaining claims and find them to be without merit. **For the reasons stated above, the judgment of the district court is AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk