**Viola I. DANIELS, Petitioner,**

v.

**Russell L. DANIELS, Respondent.**

**No. 56954.**

Supreme Court of Oklahoma.

July 30, 1981.

---

Thomas A. Bamberger, Oklahoma City, for petitioner.

D. Hays Foster, Oklahoma City, for respondent.

BARNES, Vice Chief Justice:

Petitioner herein, Viola I. Daniels, filed suit for divorce in Oklahoma County District Court on March 16, 1981. A summons and temporary order were issued and a show-cause hearing was held on March 31, 1981. Present were both Petitioner and Respondent and their respective counsel. At the conclusion thereof, the court made certain findings and orders, which were incorporated into a written order. While the case was still pending, and the temporary order still in effect, the trial court issued two contempt citations, at the request of the Petitioner, directing the Respondent to appear and show cause why he should not be held in contempt for alleged violations of the court's order of March 31, 1981.

Both citations were served upon Respondent's attorney of record. Respondent, through his attorney, filed on May 6, 1981, a "Special Appearance and Motion to Quash", in which he asked to have said citations "quashed and held for naught". The Trial Judge dismissed said citations, stating:

"That this Court makes a finding, at this time, that a Citation for Contempt of Court must, as a matter of law, be served upon the party in person, and cannot be served upon his attorney of record, and therefore, the Citations herein should be dismissed."

Said ruling was then certified by the trial court as justifying an immediate appeal, and that said immediate appeal may materially advance the ultimate termination of the litigation herein. We treat this as an original petition for a prerogative writ and assume jurisdiction.

The sole issue presented is whether or not a contempt citation may be served upon a party's attorney of record, or whether said citation must be served upon the party in person.

As we said in *Steincamp v. Steincamp*, 593 P.2d 495 (Okl.1979), the question is not one of technical requirements for service of a citation for contempt, but rather one of "sufficient notice" to meet the requirements of due process. Notice served

on the attorney of record will satisfy due process only so long as such notice is reasonably calculated to inform and reach the former client. *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1949); *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713 (1968). In this case, we can indulge in such presumption due to the fact that the divorce proceedings are pending and in the *pre-decree stage.*

A review of the cases from other jurisdictions shows that in the absence of a statute or court rule requiring personal service upon the party, the courts have upheld service upon a party's attorney of record when the citation was issued during the pendency of the action.[1]

 Our statute, 12 O.S. 1971, § 1113, permits service of notices upon an attorney of record, and *under the facts of this case, when a cause is pending*, the employment of this method of service satisfies the requirements of due process.

We therefore hold that notice served on an attorney of record in a pending divorce action and during the pre-decree stage of the proceedings creates a reasonable presumption that such notice will reach the client and is sufficient to satisfy the due process requirements, under Article 2, Section 7, of the Oklahoma Constitution.

In accord with the foregoing, the trial court's order of May 26, 1981, dismissing the contempt citations for lack of personal service, is hereby vacated and the quashed contempt process is hereby reinstituted.

WILLIAMS, LAVENDER, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

---

1. *Ebert v. Ebert*, 148 F.2d 226 (D.C.1945); *Smith v. Smith*, 120 Cal.App.2d 474, 261 P.2d 567 (1953); 60 A.L.R., 1st & 2d, 1244–1255, and cases cited therein.