OSCN Found Document:AGRAWAL v. OKLAHOMA DEPT. OF LABOR

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 AGRAWAL v. OKLAHOMA DEPT. OF LABOR
2015 OK 67
Case Number: 111809; Consol. w/111837
Decided: 10/20/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 67, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

KRIS K. AGRAWAL, and/or VIMALA AGRAWAL, d/b/a GEO EXPLORATION, LLC, and/or COAL GAS USA, LLC, and/or ON LINE OIL, INC., and/or MITTAL WELL, LLC and/or KAY KAY ENGINEERING, and/or REALTY MANAGEMENT, LLC, and/or ENERGY PRODUCTION, LLC, Plaintiffs/Appellants,
v.
OKLAHOMA DEPARTMENT OF LABOR, LLOYD FIELDS, LABOR COMMISSIONER, and WAGE CLAIMANTS, CHRISTOPHER HOLLAND, JUSTIN HOLLAND, RICARDO POLIO, GILBERT VENTURA, and JASON COX, Defendants/Appellees,

STATE ex rel. OKLAHOMA DEPARTMENT OF LABOR, and HONORABLE LLOYD L. FIELDS, OKLAHOMA LABOR COMMISSIONER, Agency Nominal-Appellees.

APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA
HONORABLE BARBARA SWINTON

REVIEW OF AN ORDER FROM THE
OKLAHOMA DEPARTMENT OF LABOR

¶0 Employee claimants filed wage claim actions before the Oklahoma Department of Labor, alleging their employer had refused to pay their wages for a substantial period of time. The Department of Labor ruled in favor of claimants and ordered employer to pay the wages owed. After an appeal to the district court which affirmed the order of the Department of Labor, the Employers/Appellants filed their petitions in error in this Court which retained both cases. The cases were consolidated and were made a companion case to case number 112,316, which was also retained by this Court.

AFFIRMED

Vimala Agrawal, Oklahoma City, Oklahoma, Pro Se,
B. Wayne Dabney, Oklahoma City, Oklahoma, for Kris Agrawal, GEO Exploration, LLC, Coal Gas USA, LLC, Online Oil, Inc., Mittal Well, LLC, Kay Kay Engineering, Realty Management, LLC, and Energy Production, LLC,
Daniel M. Delluomo, Oklahoma City, Oklahoma, for Appellee/Wage Claimant Christopher Holland,
Don A. Schooler, Curtis Towery, Daniel Mares, Oklahoma Department of Labor, Oklahoma City, Oklahoma, for Appellee, Oklahoma Department of Labor, Lloyd Fields, Labor Commissioner.

OPINION

WATT, J.:

¶1 We consider whether the district court erred in affirming the appeal brought by Appellants from the order of the Oklahoma Department of Labor (ODOL) administrative court in this wage claim appeal. Two major issues are considered in this case: (1) whether ODOL erred when it allowed Appellee/wage claimant Christopher Holland's joinder of multiple employers in a single wage claim; and (2) whether the ODOL court erred in prohibiting Appellants/Employers from presenting evidence at the Administrative Hearing. We answer both questions in the negative and affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

(District Court cases CJ-2010-5757 and CJ-2010-5758)

¶2 On November 11, 2008, Appellee/wage claimant Christopher Holland filed a claim for unpaid wages in the Oklahoma Department of Labor (ODOL) against Appellants Kris Agrawal, Vimala Agrawal and the business entities which they allegedly own.[1] Claimant alleged he was owed $36,750.00 for unpaid wages. He later modified the amount owed to $34,350.00. ODOL attempted to give notice by certified mail of the wage claim to Kris and Vimala Agrawal and the business entities on November 14, 2008. However, the certified mail receipts which were sent to the business entities were returned "Refused".[2] Certified mail notice was sent to attorney Raymond A. Vincent, Appellants' counsel at that time. The return receipt was signed by Amy Jordan, apparently of Vincent's firm, and returned. The front of the return receipt form contained the case numbers for each of the wage claims filed in the ODOL against the appellants, including Holland's case number 2009-00546. Raymond Vincent filed an Entry of Appearance in this case on December 10, 2008, although he had already appeared in the previous case, 2008-00689, on behalf of GEO Exploration,[3] by filing the Motion to Vacate Administrative Order of Determination which resulted in the dismissal of that case.[4]

 

¶3 On February 3, 2009, Labor Compliance Officer Debra Metheny issued an Administrative Order of Determination awarding Holland wages of $34,350.00 and, pursuant to 40 O.S. §165.3(B),[5] also awarded liquidated damages of $34,350.00, for a total award of $68,700.00. On February 5, 2009, the appellants, through their attorney, Raymond A. Vincent, requested an administrative hearing.[6]

 

¶4 Leave was also granted to ODOL to allow substitutional service to be made.[7] The Administrative Hearing was held on February 10, 2010. The ALJ ruled in favor of Holland on his wage claim and affirmed the Administrative Order of Determination. The ALJ's Final Agency Determination, filed March 17, 2010, was appealed to the district court, which affirmed it on September 12, 2012. Petitions for certiorari were timely filed by Vimala Agrawal, (pro se), in Case 111,809; and by Kris Agrawal and the business entities, in Case 111,837. By Supreme Court order dated November 8, 2013, the cases were consolidated under surviving case number 111,809. On the same day, the consolidated cases were made a companion case to case number 112,316.[8]

 

ADMINISTRATIVE PROCEDURES ACT APPEALS 

 

¶5 Under the Protection of Labor Act, 40 O.S. 2011 §§165.1-165.11, final administrative orders of the Oklahoma Department of Labor (ODOL) in wage claim cases are subject to appeal pursuant to the Administrative Procedures Act (APA), 75 O.S. 2011 §§250-323. See 40 O.S. 2011 §165.7(E). Under the APA, proceedings for review are instituted by filing a petition in the district court of the county in which the party seeking review resides within thirty (30) days after the appellant is notified of the final agency order. See 75 O.S. 2011 §318(B)(2).[9] The standard of review for appeals from an administrative agency is found at 75 O.S. 2011 §322.[10] An agency's order will be affirmed if the record contains substantial evidence in support of the facts upon which the decision is based and the order is otherwise free of error. Scott v. Oklahoma Secondary School Activities Ass'n, 2013 OK 84, 313 P.3d 891, 299 Ed. Law Rep. 233. The order is subject to reversal, however, if the appealing party's substantial rights were prejudiced because the agency's findings, inferences, conclusions or decisions were entered in excess of its statutory authority or jurisdiction, or were arbitrary, capricious, or clearly erroneous in view of the reliable, material, probative and substantial competent evidence. Id.; Oklahoma Dept. of Public Safety v. McCrady, 2007 OK 39, 176 P.3d 1194. An appellate court may not substitute its judgment for that of the agency on its factual determinations. McCrady, supra, at 1200-1201.

EVIDENCE AT THE ADMINISTRATIVE HEARING

¶6 Holland testified he was hired by Kris Agrawal to assist him in the management of the Agrawals' companies. He stated that he was hired as an "office manager" or "field manager" at $200.00 per day. He testified his work assignments could vary from day to day, or even as to parts of a day, and that he was not always aware which business entity he was serving. Holland stated the ODOL investigator had "me list out the days" he worked for Agrawal's companies. He prepared a document[11] for the administrative hearing to provide evidentiary support for his claim. However, he stated he did not keep time sheets or a record of his own hours. He kept a diary of the number of hours he spent on location with a particular company so that "if they tried to overbill or misstate their hours, I knew what they were." He wrote down the subcontractors' hours spent on a particular well and submitted a daily report by email to Mr. Agrawal "as directed." (ODOL Trans., pp. 66-67). He stated that during his first month of employment he went to Beaver County with Mr. Agrawal to work as his personal assistant. GEO Exploration was the company name on the sign at the well, and the first two weeks of employment he did not know whether he worked for Agrawal or GEO Exploration. (ODOL Trans., pp. 69-70). He testified that during his employment, he did work for "GEO Exploration, General Holding, Realty Management, General Minerals and Online Oil". (ODOL Trans., p. 28.) He indicated that if he was sent to Tulsa, he would have been working for Online Oil. If he was sent to Beaver County, it would have been for GEO Exploration. (ODOL Trans., p . 28). He also alleged an "alter ego" theory relating to Agrawal's companies (ODOL Trans., p. 46).[12] Holland also testified as to his proposed offers to Agrawal to accept less than $200.00 per day in order to settle the matter prior to filing a wage claim. He submitted exhibits showing he offered to accept $100.00 per day on January 1, 2008, $11.25 per hour on September 12, 2007, and $10.00 per hour on January 3, 2008.[13] He stated he did this in an effort to continue working for Agrawal, rather than for another company. When Agrawal did not respond, Holland filed this claim.

¶7 Holland testified that Agrawal supervised his work and that they were in contact with each other daily. Holland stated Agrawal instructed him on his duties, assigned his jobs, set his hours, and supplied the tools used. He also testified the work he performed was part of the regular business of GEO Exploration and the other entities, and that Agrawal had the right to criticize and to correct the job he did.

¶8 The evidentiary materials Holland prepared for ODOL were labeled the "State's Administrative Hearing Exhibits" and included photocopies of checks, invoices, emails, letters from Agrawal to Holland, and memos showing that Holland was involved in the business affairs of Agrawal.[14] Also included was an itemized list of the days Holland worked for Agrawal's companies, the number of hours worked, and for whom he worked. These materials together comprised "Exhibit 1", found at pages 1-1 through 1-80 of the ODOL record, compiled within the O.R. at pp. 42-121. Appellants' attorney requested, and was allowed, to admit them into evidence. Appellants were also allowed to raise affirmative defenses and to cross-examine witnesses, although they were not allowed to present witnesses or exhibits.

¶9 Agrawal complained about the credibility of Holland's prepared time records which were not prepared contemporaneously with the work described, and questioned Holland's memory as to the hours worked and for which company. However, Mr. Towery, counsel for the ODOL, reminded the court that the alleged lack of credibility of Holland's documents should have been challenged at the time of the response and the prehearing conference. The ALJ stated she believed the evidence showed Holland worked for Agrawal, rather than his entities, and that if he was paid by the day, the number of hours worked per day was irrelevant.[15]

DISCUSSION

¶10 First, Kris Agrawal alleges the ODOL administrative court should not have allowed Holland's joinder of multiple employers in a single wage claim which should have been dismissed. Agrawal contends 40 O.S. §165.7(B)[16] prohibits such joinder, but that the ODOL improperly allowed Holland to join seven employers in each of the wage claim cases and found all of them liable. He alleges that Holland's initial claim was against only GEO Exploration, LLC and that Holland swore that it was his only employer, although he had done work for each of the named entities. Agrawal also alleges ODOL's employee Debra Metheny, the Labor Compliance Officer assigned to Holland's claim, conducted an improper post-claim filing investigation in which she obtained Agrawal's companies' names from Holland's workers' compensation case. According to Kris Agrawal, when the final notice of the wage claim was prepared, he and Vimala were improperly listed as "dba" and "and/or", individually or collectively, with the other respondents. He contends this is confusing at best. At worst, he argues that these designations create an ambiguity that the "single employer" rule could be disregarded by the courts.

¶11 Moreover, he contends that in the Final Order of Determination, the ALJ entered judgment against each of the respondents, although she stated at the hearing that she was finding against Mr. Agrawal personally. Agrawal's counsel, Mr. Solomon, argued that designating Agrawal as "doing business as" these entities was improper, as he has never been named individually as the employer, and suggested the ALJ did not have the ability to aggregate all of the entities under the evidence. The ALJ responded: "And I don't have to aggregate them because I'm finding against him personally." The ALJ also stated:

Mr. Agrawal did have notice. He specifically requested an administrative hearing and having chosen to avail himself for that legal avenue, he's hard pressed now to complain that he didn't know he was included as a potential employer in this case. (Emphasis added). (ODOL Trans., p. 79)

¶12 In response, Holland contends the ODOL has the authority to join multiple employers in a single wage claim. He refers the Court to Stipe v. State ex rel. Board of Trustees of the Oklahoma Public Employees Retirement System, 2008 OK 52, 188 P.3d 120. We held that where the legislature has not shown its disapproval of an interpretation an agency has given to a statute, the legislature's silence may be regarded as acquiescence in the agency's statutory construction. Stipe, supra, at 126. ODOL correctly argues on this point that §165.7(B) does not prohibit the joinder of employers, but merely addresses the ability to join multiple claimants against the same employer in one claim:

[T]he Commissioner may join in a single administrative proceeding any number of wage claims against the same employer.

¶13 ODOL further argues there is no justification for ignoring the permissive joinder statutes found at 12 O.S. 2011 §2020[17] when the labor statutes do not prohibit the joinder of employers or defendants. Although §165.7 does not specifically allow the joinder of employers, it also does not prohibit it. Holland's later amendment to include additional employers was, therefore, not prohibited.

¶14 The ALJ made the following finding of fact from the evidence presented:

Respondent's "GEO Exploration, LLC," "Coal Gas USA, LLC," "On Line Oil, Inc.," "Mittal Well, LLC," "Kay Kay Engineering," "Reality (sic) Management Associates, LLC," "Energy Production Service, LLC", are now and was (sic) at all times in question herein for profit business (sic) operating within the state of Oklahoma. Respondents Kris K. Agrawal and Vimala Agrawal are individuals operating these business (sic) and others for profit.

¶15 She also made this finding of fact:

At the administrative hearing ODOL called Chris Holland as its witness. Mr. Holland testified as to the work he did for the Respondents and that there was no distinction between any of the Respondents he did work for, that the Respondent corporations are all controlled by Mr. Agrawal and/or Vimala Agrawal, that Mr. Agrawal hired him and that Mr. Agrawal instructed him on what to do on a daily basis.

¶16 This finding is supported by Holland's testimony that Agrawal supervised the work he did, instructed him on his duties, and assigned him to the job sites where the work was to be done. (ODOL Trans,. pp. 32-33).

¶17 Next, Appellants/Employers allege error in the failure to allow them to present evidence at the ODOL Administrative hearing. The ALJ held that allowing them to do so at that time, when they had not attended the prehearing conference, would be unfair surprise to the wage claimants. In this regard, the ALJ made the following finding:

After numerous attempts at delivery of notices of both the pre-hearing conference and the administrative hearing upon the Respondents, Order Granting Leave for Substitutional Service was granted by ALJ Steven L. Tolson, and ODOL obtained service upon the Respondents on December 17, 2009. Claimant received notices of both the pre-hearing conference and administrative hearing on November 2, 2009, as evidenced by the signed, Return Receipt No. 7008-0150-4530-3601.

¶18 The question we consider, then, is whether service on the Appellants was constitutionally sufficient. We hold that it was. The record indicates that Appellants were served with notice of the wage claim proceeding through their attorney of record at the time, Raymond A. Vincent, on or about November 14, 2008. Additionally, they were each sent certified mail notice which was returned "REFUSED." Mr. Vincent filed an entry of appearance in the ODOL on December 10, 2008.

¶19 After the Administrative Order of Determination was filed on February 3, 2009, Mr. Vincent requested an Administrative Hearing on February 5, 2009. Service of the notice of the prehearing conference was attempted by certified mail. It was returned "unclaimed." ODOL ALJ Steven L. Tolson granted ODOL's Application for Leave of Substitutional Service on December 16, 2009.[18] Thereafter, on December 17, 2009, Certificates of Hand Service were filed indicating service of the pre-hearing conference packets on Kris K. Agrawal at three different addresses (O.R. p. 425) by securely posting the notice on the premises of each location. Photographs of the posting of the securely taped envelope at each location were also provided. Although they contended they did not receive it, the ALJ found the efforts made by Holland, as well as the Board of the ODOL, were sufficient to provide them with notice and an opportunity to be heard. She refused to allow Appellants to present evidence at the hearing because they did not appear at the prehearing conference, or file their prehearing documents, i.e., witness and exhibit lists, prior to the administrative hearing. The ALJ stated:

[H]e has had sufficient notice of this proceeding for some time and chose not to avail himself of the procedures provided by law and by the administrate (sic) rules.

As such, I am going to affirm the administrative order of determination. . . . (ODOL Trans., p. 82)

¶20 Again, we are convinced that the efforts to inform and serve Appellants was sufficient, and the decision by the ALJ to prevent their submission of evidence at that late date was not an abuse of discretion. One cannot avoid service by refusing physically to accept a summons if informed that service is being attempted. Business & Professional Adjustment Co., a Division of Credit Bureau of Baker County, Oregon, Ltd., v. Baker, 62 OR APP 237, 659 P.2d 1025. Mr. Vincent's entry of appearance on December 10, 2008, on behalf of the Agrawals and the business entities persuades us these defendants had some knowledge of attempted service. Vincent remained the attorney of record "for the Respondents, Kris K. Agrawal, Vimala Agrawal, Geo Exploration, Coal Gas USA, LLC, On Line Oil, Inc., Mittal Well, LLC, Kay Kay Engineering and Realty Management Associates, LLC" until June 18, 2009, when he withdrew. (O.R. p. 548) We find these circumstances provided these defendants with knowledge of the attempts to serve them.

DISTRICT COURT APPEAL

¶21 In the district court, both Appellants filed a motion for summary judgment. Among the issues raised were Appellants' contentions that they never hired Holland, that they did not own the co-defendant companies,[19] that they never received notice, and that the ALJ of the ODOL improperly refused to allow them to present evidence at the administrative hearing. These issues were raised at the administrative level in Appellants' Petition to Vacate Final Agency Determination Due to Fraud practiced by Chris Holland, as well as on appeal in their Motion for Partial Summary Judgment against Holland, and were supported by the same evidentiary materials. The district court affirmed the ODOL's final order without comment, and nothing new was raised to warrant a modification of the judgment.

CONCLUSION

¶22 The findings and conclusions of the ALJ in the Final Agency Determination are supported by the evidence, and the district court's order affirming it on appeal is AFFIRMED.

REIF, C.J., COMBS, V.C.J., WATT, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, GURICH, JJ. - CONCUR

KAUGER, J. - NOT PARTICIPATING

FOOTNOTES

[1] The current claim is actually Holland's second attempt to file a wage claim. The first claim he filed, Case No. 2008-00689JHG, was filed against GEO Exploration on January 11, 2008, and was dismissed without prejudice on November 17, 2008. ODOL was unable to obtain proper notice of the claim upon the respondent, pursuant to OAC 380:30-3-3.1(b), which provides:

(b) The Department shall dismiss the claim upon determination that the agency lacks jurisdiction over the claim, that the claim is unjustified according to statute or rules, that the evidence obtained during the investigation is insufficient to support the claim, or that the agency is unable to obtain proper notice of the claim upon the respondent.

[2] Service was refused on behalf of: Kay Kay Engineering, GEO Engineering & Testing, Mittal Well, LLC, Envirotech Labs, Inc., General Holding Corp., Coal Gas USA, Coal Gas Mart, LLC, On-Line Oil, Inc., and GEO Exploration. Service attempted on Realty Management Assoc. was returned "Unclaimed", "Unable to Forward." Vimala Agrawal is shown as the service agent for Realty Management. (Original Record, "O.R." page 594).

[3] The Oklahoma Secretary of State's website shows that the Registered Agent for GEO Exploration, LLC, is Coal Gas USA, LLC, another company associated with the Agrawals. The Registered Agent for Coal Gas USA, LLC, is Amy Agrawal.

[4] Service of process upon an attorney of record when a cause is pending creates a reasonable presumption that it will reach the client and will satisfy due process requirements. See Daniels v. Daniels,1981 OK 79, 634 P.2d 709. Although the timing is somewhat confusing, the motion to vacate was filed on November 4, 2008, and Chris Holland filed the current claim, case #00546, on November 11, 2008.

[5] 40 O.S. 2011 §165.3(B):

B. If an employer fails to pay an employee wages as required under Subsection A of this section, such employer shall be additionally liable to the employee for liquidated damages in the amount of two percent (2%) of the unpaid wages for each day upon which such failure shall continue after the day the wages were earned and due if the employer willfully withheld wages over which there was no bona fide disagreement; or in an amount equal to the unpaid wages, whichever is smaller; provided, however, that for the purpose of such liquidated damages such failure shall not be deemed to continue after the date of the filing of a petition in bankruptcy with respect to the employer if he thereafter shall have been adjudicated bankrupt upon such petition.

[6] The request for administrative hearing was made by Vincent on behalf of: "Kris K. Agrawal and/or Vimala Agrawal and/or GEO Exploration and/or Coal Gas USA, LLC and/or On Line Oil, Inc. and/or Mittal Well, LLC and/or Kay Kay Engineering and/or Realty Management Associates, LLC". (O.R. page 557)

[7] ODOL ALJ Steven L. Tolson granted ODOL's Application for Leave of Substitutional Service on December 16, 2009, as follows:

This Court, having reviewed the Application, as well as the provisions of 12 O.S. §2004(C)(6), finds that the Application should be, and the same is, hereby GRANTED, and substitutional service upon Respondents Kris K. Agrawal and/or Vimala Agrawal, is ordered to be made upon said Respondent by way of securely posting upon the premises of Respondents (sic) business located at 4133 N. Lincoln Blvd., Oklahoma City, OK 73105-5208; at Respondents (sic) residence, 7521 NW 130th Street, Oklahoma City, OK 73142-2569 and at 6704 NW 110th Circle, Oklahoma City, OK 73162-4736, or by any other means necessary to provide actual notice of the above-captioned matter as pleaded in the Application. This Order is intended to effectuate legal service by way of securely posting notice of the above-captioned matter upon the premises of Respondent business. (Emphasis in original).

[8] Case No. 112,316, Christopher Holland, Plaintiff/Appellee, v. Kris Agrawal, Vimala Agrawal, Coal Gas USA, LLC, Mittal Well Tech, LLC, Realty Management and Assoc., LLC, Energy Production Services, LLC, and Kay Kay Engineering, Defendants/Appellants.

[9] 75 O.S. 2011 §318(B) provides:

B. 1. The judicial review prescribed by this section for final agency orders, as to agencies whose final agency orders are made subject to review, under constitutional or statutory provisions, by appellate proceedings in the Supreme Court of Oklahoma, shall be afforded by such proceedings taken in accordance with the procedure and under the conditions otherwise provided by law, but subject to the applicable provisions of Sections 319 through 324 of this title, and the rules of the Supreme Court.

2. In all other instances, proceedings for review shall be instituted by filing a petition, in the district court of the county in which the party seeking review resides . . . naming as respondents only the agency, such other party or parties in the administrative proceeding as may be named by the petitioner or as otherwise may be allowed by law, within thirty (30) days after the appellant is notified of the final agency order as provided in Section 312 of this title. [emphasis added].

[10] 75 O.S. 2011 §322 provides:

(1) In any proceeding for the review of an agency order, the Supreme Court or the district or superior court, as the case may be, in the exercise of proper judicial discretion or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions, are:

(a) in violation of constitutional provisions; or
(b) in excess of the statutory authority or jurisdiction of the agency; or
(c) made upon unlawful procedure; or
(d) affected by other error of law; or
(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in Section 10 of this act, including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or
(f) arbitrary or capricious; or
(g) because findings of fact, upon issues essential to the decisions were not made although requested.

(2) The reviewing court, also in the exercise of proper judicial discretion or authority, may remand the case to the agency for the taking and consideration of further evidence, if it is deemed essential to a proper disposition of the issue.

(3) The reviewing court shall affirm the order and decision of the agency, if it is found to be valid and the proceedings are free from prejudicial error to the appellant.

[11] ODOL Exhibit 1, pages 1-1 through 1-80, O.R. 42-121. Included in this exhibit, at pages 65-80, are lists of dates worked, the locations, a general description of the tasks performed and the approximate number of hours worked.

[12] In discussing Agrawal's companies and his job duties, Holland testified:

[S]o you know - but in relevance to this case and Mr. Agrawal, he operates these all as alter egos.

There is no separation of what he does. And if he tells you to go do something for Coal Gas USA, you go do it. Now, does that mean Coal Gas USA owes you wages? I guess so.

In response to the question whether he set out the hours he worked for particular entities, he answered:

That's what I'm trying to get you to understand is no. Because one minute Mr. Agrawal says go back here and do this for General Minerals. The next minute he's got you supervising dirt work for General Holding or Vimala.

I don't know exactly who that was for - or Realty Developers. The next minute it's Online Oil. The next minute I'm looking at some legal deal, and he's trying to get me to see if I got any ideas for him - how to fight that or talking to some government agency or this government agency . . . So throughout a day - of any minute of every day it was - I could have worked for eight or nine of these entities.

[13] In his last offer to settle, made in a letter dated January 3, 2008, he stated:

I had offered the first settlement because you are still in need of my employment and I enjoy doing the work. I made the second offer in the event you felt differently about my employment. After 12 pm tomorrow January 4th, 2008, these offers will expire and I will be taking a different course. I implore you to not force me into this secondary course of action. If I must do this my time will be figured at the minimum pay scale of $10 per hour plus overtime which is what everyone else has being (sic) been paid by you. My truck use will be 43 cents a mile and repair of truck. The lack of pay will be filed at the Labor Board and the mileage will be filed in district court . . . .

[14] Specific examples of these materials include a letter dated December 8, 2007, from Agrawal to OG&E, regarding cutoff notices on well sites and the amount of time spent to resolve the matter, including time spent "by Chris Holland". Also included was a copy of a check dated July 12, 2007, to Alltel to pay Holland's cell phone bill to turn his phone back on. Holland explained it was necessary to use his cell phone on the job because Agrawal needed to contact him. The check was on a check of Realty Management Associates, LLC, and the memo contained a phone number and Holland's name. Holland testified he counted the check as income. Another example is an email dated November 18, 2007, from Agrawal to Holland, instructing him what to do on the Bethel lease "if Steve Born [Boren] shows up." Additionally, the exhibit contained Agrawal's email to Holland dated November 3, 2007, regarding a pending motion to compel and getting the gas tested on the Wilson Lease. Also included is a memo from Mills Well Service to Holland indicating dates Mills worked for "GEO while you supervised." The dates involved in this last memo range from September 18, 2007, to September 25, 2007, and include 49.5 hours.

[15] I think the testimony has been pretty clear up to this point that he worked for Kris Agrawal, and all of the various entities that revolved around him may or may not have formed an employer, employee relationship with these entities.

I'm at the point where I believe the employer, employee relationship was between Mr. Holland and Mr. Agrawal personally. And so therefore I'm not sure it matters who wrote the checks and what entity he chose to write a check out of on any particular day or what sign they hung on a well on any particular day.

I think the evidence so far has been pretty clear that Mr. Holland worked for Mr. Agrawal, and Mr. Agrawal's business dealings of forming various corporations for whatever purpose do not affect that employer, employee relationship.

I also think that it's not necessarily an indictment on the credibility of the witness because he couldn't keep those various entities straight or know on which particular day which entity's umbrella may have governed a particular well site.
. . .

But the testimony was that he was paid by the day so I'm not sure of the relevance of whether it was eight hours or 15 hours or 72 hours. Each date is listed and if you want to question him on each particular date - but that's where I'm leaning at this point so you can proceed based on that. (P. 71-72).

[16] 40 O.S. 2011 §165.7(B), the same version of the statute at issue in this case, provides:

B. In any case when the Commissioner has received a wage complaint, the Commissioner may seek collection of such claim through administrative proceedings in a manner provided in this section. The Commissioner may join in a single administrative proceeding any number of wage claims against the same employer. The Commissioner shall serve upon the employer an order of determination directing the employer to pay to the Commissioner the amount of the wage claim and any penalty amounts. Service shall be made by regular mail to the employer's last-known address. The order of determination shall include:

1. A reference to the particular sections of the statutes or rules involved;

2. A short and concise statement of the basis for the amounts determined to be owed to each wage claimant;

3. A statement that the employer within twenty (20) days after receipt of the order of determination must pay in full the wage claim and any penalties assessed on appeal to district court; and

4. A statement that unless a written request for reconsideration is received by the Commissioner or the order is appealed to district court within the time specified, the order of determination shall become final.

[17] 12 O.S. 2011 §2020(A) provides in pertinent part:

A. PERMISSIVE JOINDER.
. . .

2. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative:

a. any right to relief in respect of or arising out of the same transaction or occurrence, or
b. if the claims arise out of a series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action, or
c. if the claims are connected with the subject matter of the action.

3. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

[18] See note 7, supra.

[19] They also raised the fact that Holland has a criminal record for drug offenses, but that issue is irrelevant to this proceeding.

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2007 OK 39, 176 P.3d 1194, OKLAHOMA DEPARTMENT OF PUBLIC SAFETY v. McCRADY
Discussed
 2008 OK 52, 188 P.3d 120, STIPE v. STATE ex rel. BD. OF TRUSTEES OF OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM
Discussed
 2013 OK 84, 313 P.3d 891, SCOTT v. OKLAHOMA SECONDARY SCHOOL ACTIVITIES ASSOCIATION
Discussed
 1981 OK 79, 634 P.2d 709, Daniels v. Daniels
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2020, Permissive Joinder of Parties
Discussed
 12 O.S. 2004, 12 O.S. 2004, Process
Cited
Title 40. Labor
 Cite
Name
Level

 40 O.S. 165.1, Definitions
Cited
 40 O.S. 165.3, Termination of Employee - Payment - Failure to Pay
Discussed
 40 O.S. 165.7, Enforcement and Administration - Administrative Proceedings - Orders - Appeals - Actions
Discussed at Length
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 318, Judicial Review
Discussed
 75 O.S. 322, Setting Aside, Modifying, or Reversing of Orders - Remand - Affirmance
Discussed