OSCN Found Document:HOLLAND v. AGRAWAL

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 HOLLAND v. AGRAWAL
2015 OK 68
Case Number: 112316
Decided: 10/20/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 68, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

CHRISTOPHER HOLLAND, Plaintiff/Appellee,
v.
KRIS AGRAWAL, VIMALA AGRAWAL, COAL GAS USA, LLC, MITTAL WELL TECH, LLC, REALTY MANAGEMENT AND ASSOC., LLC, ENERGY PRODUCTION SERVICES, LLC, and KAY KAY ENGINEERING, Defendants/Appellants.

APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY, OKLAHOMA
HONORABLE BARBARA SWINTON 

¶0 In an appeal from a judgment of the Oklahoma Department of Labor, in favor of Plaintiff/Appellee Holland, Appellant Kris Agrawal appealed the order staying collection of judgment and requiring the filing of a supersedeas bond. The order of the district court was superseded by the mandamus order issued by this Court in case number 112,462, ordering the trial judge to lift the stay of execution and to follow 12 O.S. §990.4, which requires filing a supersedeas bond.

APPEAL DISMISSED

Kris Agrawal, Oklahoma City, Oklahoma, Pro Se,
Daniel M. Delluomo, Kyle W. Riddel, Delluomo & Crow, Oklahoma City, Oklahoma, for Appellees.

OPINION

WATT, J.:

¶1 The order on appeal which Defendant/Appellant Kris Agrawal seeks to address was entered by District Judge Barbara Swinton, District Court of Oklahoma County, on October 11, 2013, case number CV-2010-1171. The court ordered a stay on the collection of the judgment and required the Defendants to post a supersedeas bond within thirty days. No bond was ever posted. Other orders have been entered in this matter regarding stays, collections and the posting of supersedeas bonds.[1]

¶2 Holland sought to collect on his judgment, which was granted in the Administrative Order of Determination on February 3, 2009, in the Oklahoma Department of Labor (ODOL) by Labor Compliance Officer Debra Metheny, and affirmed by the ODOL in its Final Agency Determination, filed on March 17, 2010. The Final Agency Determination was affirmed by the district court on appeal on September 10, 2012, and Appellant's motion for new trial was overruled on May 3, 2013. As noted above, no supersedeas bond was issued to stay the judgment.

¶3 On January 8, 2014, Plaintiff/Appellee Holland brought an Application for Original Jurisdiction in this Court, Case Number 112,462, seeking a writ of mandamus to Judge Swinton, attaching an order dated November 22, 2013.[2] The order granted Appellant's motion for rehearing and ordered a stay without bond. On March 4, 2014, this Court entered the following order in case number 112,462:

Petitioner's application to assume original jurisdiction is granted. Let the writ of mandamus issue directing the respondent, the Honorable Barbara G. Swinton, District Judge, in and for Oklahoma County, to lift the stay of execution. A stay pending appeal to this Court, of a decision of the district court affirming a final administrative order issued in a wage claim proceeding pursuant to 40 O.S. §165.7, is governed by the provisions of 75 O.S. §323 and 12 O.S. §990.4. All other requested relief is denied. The "Counter Application" filed by Kris K. Agrawal is denied.

¶4 This Court's March 4, 2014 order therefore held that the appeal in this case was subject to the same rules which are required for appeals "to the Supreme Court from the district court in civil actions" under 75 O.S. §323, thus requiring the filing of a supersedeas bond under 12 O.S. 2011 §990.4(A). No supersedeas bond was ever filed, although the collection of the judgment was ordered stayed by the district court.

¶5 Appellant has raised numerous issues in his petition in error which appear to address the merits of his case which were resolved at the time the judgment became final. There is little, if any, connection between those allegations and the collection of this judgment or his requirement to post a bond which is the subject of the order he has appealed.[3]

¶6 We find the order entered by this Court on March 4, 2014, has superseded the judgment on appeal in this case, number 112,316. We, therefore, declare this appeal to be moot, and it is dismissed.

¶7 APPEAL DISMISSED.

REIF, C.J., COMBS, V.C.J., WATT, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, GURICH, JJ. - CONCUR

KAUGER, J. - NOT PARTICIPATING

FOOTNOTES

[1] On January 18, 2011, Judge Parrish, Oklahoma County District Judge, entered an order which, in effect, stayed Holland's collection efforts pending appeal, by ruling that 40 O.S. §165.7 bars collection of an award until all appeals have been finally adjudicated. She also extinguished Holland's garnishments and ordered the funds collected to be returned.

On October 11, 2013, Judge Swinton, as noted, entered an order which stayed collection of the judgment, and ordered a supersedeas bond.

On November 22, 2013, Judge Swinton granted Defendant's motion for rehearing, ruling that execution on the judgment was stayed without bond.

[2] See note 1.

[3] In fact, his petition in error and brief in chief contain inflammatory and accusatory statements against counsel, the parties, and judges of the Oklahoma Judiciary. Many of the statements relate to matters outside the scope of this appeal, as well as to unfounded accusations made by Appellant since this appeal process began. They are undeserving of a response by this Court.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 990.4, Stay of Enforcement of Judgment, Decree, or Final Order
Discussed at Length
Title 40. Labor
 Cite
Name
Level

 40 O.S. 165.7, Enforcement and Administration - Administrative Proceedings - Orders - Appeals - Actions
Discussed
Title 75. Statutes and Reports
 Cite
Name
Level

 75 O.S. 323, Review of Final Judgment of a District or Superior Court by Appeal to Supreme Court
Discussed