AGRAWAL v. OKLAHOMA DEPARTMENT OF LABOR



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:AGRAWAL v. OKLAHOMA DEPARTMENT OF LABOR

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 AGRAWAL v. OKLAHOMA DEPARTMENT OF LABOR
2021 OK CIV APP 4
483 P.3d 608
Case Number: 117345
Decided: 06/05/2020
Mandate Issued: 03/03/2021
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2021 OK CIV APP 4, 483 P.3d 608

 

KRIS AGRAWAL, Plaintiff/Appellant,

VIMALA AGRAWAL, DBA EXPLORATION LLC AND/OR COAL GAS USA, LLC AND/OR ON LINE OIL INC. AND/OR MITTAL WELL, LLC AND/OR KAY KAY ENGINEERING AND/OR REALTY MANAGEMENT ASSOCIATES LLC, AN OKLAHOMA EMPLOYER, Plaintiffs,
v.
OKLAHOMA DEPARTMENT OF LABOR, LLOYD FIELDS, LABOR COMMISSIONER, and Wage Claimants CHRIS HOLLAND, JUSTIN HOLLAND, RICARDO POLIO, CILBERT VENTURA, and JASON COX, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE RICHARD OGDEN, JUDGE

AFFIRMED IN PART and VACATED IN PART

Phillip P. Owens, II, Julia K. Tiller, OWENS LAW OFFICE, Oklahoma City, Oklahoma, for Plaintiff/Appellant,

Daniel A. Mares, Assistant General Counsel, Oklahoma Department of Labor, Oklahoma City, Oklahoma, for Defendants/Appellees.

Bay Mitchell, Presiding Judge:

¶1 The appellant challenges an order of sanctions the trial court issued against him on the court's own initiative. The order was based on the frivolous and duplicative nature of three of appellant's pro se filings. The sanctions consisted of $20,000 in attorneys' fees, a $15,000 penalty to be paid into the court fund, and restrictions on filing requiring the appellant to obtain permission from the trial court before filing additional motions. We affirm both the penalty and the filing restrictions, but vacate the order to pay attorneys' fees because 12 O.S. §2011 does not authorize such an award when the sanctions are issued on the court's own initiative.

BACKGROUND

¶2 This appeal involves the appellant Kris Agrawal and his now decades-long effort to avoid a money judgment. In order to fully understand the order for sanctions, we provide a brief history of the underlying judgment.

¶3 In 2008, Chris Holland filed a wage claim with the Oklahoma Department of Labor against Mr. Agrawal,[1] seeking payment of $37,750 in back wages. Holland prevailed and received an award from the investigative officer of $68,700, which included an award of liquidated damages of over $30,000. The agency confirmed the award and issued a final agency order on March 17, 2010. Pursuant to statute, Mr. Agrawal appealed the agency's final order to the Oklahoma County District Court. The district court affirmed the judgment. Mr. Agrawal appealed and the Oklahoma Supreme Court retained the appeal and also affirmed. Agrawal v. Oklahoma Dept. of Labor, 2015 OK 67, 364 P.3d 618.

¶4 Meanwhile, in September 2010, the wage-claimant and now judgment-holder, Mr. Holland, filed the judgment in Oklahoma County District Court and began collection proceedings.[2] Mr. Agrawal, sometimes with counsel and sometimes appearing pro se, has vigorously resisted collection of the judgment and made numerous efforts to collaterally attack the now-final judgment. In addition to the seemingly endless motions Mr. Agrawal has filed in district court, he has also filed at least seven separate unsuccessful original actions in the Oklahoma Supreme Court seeking to either vacate the 2010 judgment or force the presiding judge's recusal,[3] as well as several cases in federal district court.

¶5 As relevant here, in 2018, Mr. Agrawal filed three separate motions in one or more of the consolidated cases which seek, in one way or another, to vacate the wage-claim judgment.[4] The trial court, sua sponte, entered an order to show cause as to why Mr. Agrawal should not be sanctioned pursuant to 12 O.S. §2011 for signing and filing these three instruments. Although the pleadings at issue were filed pro se, Mr. Agrawal was represented by counsel at the show-cause hearing, which was held on August 14, 2018. Mr. Agrawal's new counsel endeavored to persuade the court that Mr. Agrawal's pleadings, though admittedly difficult to follow, sought a ruling on the question as to whether the initial administrative order upon which the wage-judgment was issued was in violation of the automatic bankruptcy stay because one of the corporate entities listed was then in bankruptcy, as noted on the order itself. The trial court did not find this argument persuasive, and found that each of the three referenced pleadings violated all four sections of §2011(B). As to §2011(B)(1), for example, the trial court stated that it believed

all of these matters have been litigated and litigated again and addressed and addressed and dealt with by many courts and it is almost impossible to determine what Mr. Agrawal is requesting in any of these documents. And based on the nature of these documents and the historic multiple filings, the Court does find that all three of these documents ... are improper and are frivolous and meant to harass and unnecessarily delay or needlessly increase the cost of litigation.

¶6 Finding that sanctions were warranted, the trial court ordered Mr. Agrawal to pay $20,000 in attorney fees ($10,000 to the Department of Labor and $10,000 to Mr. Holland), and $15,000 as a penalty to be paid directly to the court fund. Additionally, the trial court ordered a non-monetary sanction as follows:

Kris Agrawal is prohibited from filing anything in any matter before this Court or the Court of Aletia Haynes Timmons without first receiving affirmative approval in writing from the Judge of the Court where permission is being requested. Any request for permission to file shall follow the procedure for filing a motion to file out of time pursuant to 12 O.S. § 2006(B)-(C). The motion shall be filed with the requested filing attached.

¶7 Mr. Agrawal timely appealed from the court's written order.[5]

STANDARD OF REVIEW

¶8 A grant of sanctions is reviewed for an abuse of discretion. Garnett v. Gov't Employees Ins. Co., 2008 OK 43, ¶14, 186 P.3d 935, 941. "To reverse for abuse of discretion, we must determine the trial court made a clearly erroneous conclusion and judgment, against reason and evidence. Although we examine and weigh any proof in the record, we abide the presumption that the lower court decision on the sanction question is legally correct and cannot be disturbed unless it is contrary to the weight of the evidence or to a governing principle of law." Id. (footnotes omitted).

ANALYSIS

¶9 On appeal, Mr. Agrawal presents three reasons he believes the order imposing sanctions must be overturned. His first two arguments attack the validity of the imposition of any sanctions. He first argues that the show cause order was insufficient under §2011(C)(1)(b). Second, he argues that the trial court's order does not satisfy the requirements of §2011(C)(3). Each of these arguments, as discussed below, is unpersuasive. However, Mr. Agrawal makes several arguments that the sanctions imposed, assuming any sort of sanction was appropriate, were excessive or improper. As discussed below, we find that the $15,000 fine paid to the court and the filing restrictions are permissible under the statute and supported by the evidence, but that the assessment of $20,000 in attorney fees must be vacated.

(1) The trial court provided sufficient notice under §2011(C)(1)(b).

¶10 Mr. Agrawal first contends that the court did not provide sufficient notice in its order to show cause under 12 O.S. §2011(C)(1)(b). That section requires as follows: "On its own initiative, the court may enter an order describing the specific conduct that appears to violate subsection B of this section and directing an attorney, law firm, or party to show cause why it has not violated subsection B of this section with respect thereto." Mr. Agrawal claims that the order setting the final show cause hearing, "failed to describe the specific conduct the trial court believed violated Section 2011." We disagree. The order very specifically described the exact conduct that the court believed violated the rule by listing each signed and filed instrument that the court believed violated the rule. The court referenced each document as it was then titled on the Oklahoma Supreme Court Network[6]and date filed. For good measure, and with some foresight, the trial judge attached as an exhibit to the order to show cause the first page of each potentially sanctionable document.

¶11 The appellant argues that the statute requires the trial court to reference not just the conduct that the court believes violated the rule, but to also explain why the court believes such conduct violated the rule. However, this requirement would add to the simple notice requirement of §2011(C)(1)(b). That rule simply requires the trial court to notify the litigant or attorney of the "specific conduct" that allegedly violates the rule. In this case, the conduct that the court believed violated the rule was the signing and filing of the three documents clearly identified in the order to show cause. Nothing in the subsection requires the court to explain its reasoning. Mr. Agrawal's contention to the contrary is rejected.

(2) The trial court sufficiently explained the basis for its order under §2011(C)(3).

¶12 In a similar argument, Mr. Agrawal contends that the trial court failed to sufficiently explain the basis for its order. Section 2011(C)(3) makes the following requirement of a trial court when imposing orders of sanctions under §2011: "When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed." 12 O.S. §2011(C)(3).

¶13 The appellant complains that the trial court has never stated why the particular pleadings identified violated §2011. This argument is rejected for two reasons. First, this argument reads more into the statute than is actually there. Properly read, §2011(C)(3) makes two distinct requirements, but neither requires the trial court to expound upon the precise nature in which a pleading violates the requirements of §2011(B)(1), (2), (3), or (4). Rather, the first requirement of §2011(C)(3), similar to the requirement under subsection (C)(1)(b), is that the trial court simply "describe the conduct determined to constitute a violation of this section..." 12 O.S. §2011(C)(3). The trial court accomplished this by identifying with particularity the precise documents that Mr. Agrawal signed and filed with the court that the court deemed violative of the section. As with subsection (C)(1)(b), this requirement is one of identification, not explanation. Second, the court is required to offer an explanation under §2011(C)(3), but it is an explanation of "the basis for the sanction imposed." Id. (emphasis supplied). Thus, the trial court is required to show how it calculated a monetary sanction, or how it believes a non-monetary sanction is appropriate under the circumstances, but subsection (C)(3) does not require the trial court to state with any particular specificity why a pleading violates the factors listed in subsection (B).

¶14 Secondly, even if we were to infer some requirement that the trial court explain its reasoning as to why any specific filing violated subsection (B), we find the trial court's order was adequate under the circumstances. As noted above, the trial court was clear at the hearing that the basis for its order was that the argument had been "litigated and litigated again." In its written order, the court specifically found that each document violated all four prongs of §2011(B). We have reviewed the rather voluminous record in this case and we cannot find that the trial court's belief in this regard was a clearly erroneous conclusion, as our standard of review would demand. Rather, our examination of the record reveals that Mr. Agrawal is doing everything in his power, regardless of the soundness of his legal claims or verity of his factual pronouncements, to avoid a judgment, now final for more than ten years. The trial court's determination that sanctions were appropriate under the circumstances was not an abuse of discretion, and his written order, though somewhat lacking in specificity, sufficiently explained its reasoning for sanctions under the circumstances. "[E]ven a perfunctory order may at times suffice if the award of sanctions was clearly appropriate from the face of the record." Katz v. Household Int'l, Inc., 36 F.3d 670, 673 (7th Cir. 1994).

(3) The validity of the sanctions imposed.

¶15 Having determined that sanctions were appropriate under the circumstances, we turn to whether the statute permits the various sanctions the trial court imposed here. The trial court imposed three types of sanctions: attorney fees, a penalty paid to the court, and filing restrictions on the appellant. We find no error with the latter two restrictions, but conclude that award of attorney fees was impermissible under the circumstances.

¶16 Subsection (C)(2) outlines the types of sanctions available to a trial court when it determines a violation of §2011 has occurred. It provides:

NATURE OF SANCTIONS; LIMITATIONS. A sanction imposed for violation of this section shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.... [T]he sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys fees and other expenses incurred as a direct result of the violation.

12 O.S. §2011(C)(2) (emphasis supplied).[7]

¶17 In this case, the court proceeded on its own initiative, pursuant to subsection (C)(1)(b), and not on any motion of the opposing counsel, which would have been pursuant to subsection (C)(1)(a). Under the plain terms of subsection (C)(2) there can by no award of attorney fees to the moving party where there is no moving party to begin with. Such fees are only appropriate when imposed "on motion," which is not the case here. Accordingly, the award of attorney fees, constituting $20,000, must be vacated.[8]

¶18 However, the statute does permit a penalty to be paid directly to the court as well as non-monetary sanctions, such as the filing restrictions imposed here. We have reviewed the record and cannot conclude that the imposition of $5,000 for each frivolous filing the appellant filed in this case, nor the filing restrictions imposed, were an abuse of the court's discretion. To the contrary, these sanctions seem well-aligned with the central goal of §2011, which is to deter baseless filings. Garnett v. Gov't Employees Ins. Co., 2008 OK 43, ¶ 15, 186 P.3d 935, 942. The appellant points to no evidence in the record that a lesser monetary penalty would have been sufficient to deter the sanctioned conduct. Further, the filing restriction does not forever foreclose the appellant's ability to seek meritorious relief from the district court, but simply adds a single, cost-free hurdle aimed at reducing the number of baseless filings the court is required to process. We view the limitation as a reasonable attempt of the court to control its own docket, a goal appellate court's are "loathe to interfere" with "unless there is a clear abuse of discretion." Flandermeyer v. Bonner, 2006 OK 87, ¶ 17, 152 P.3d 195, 201. Additionally, the Oklahoma Supreme Court has approved far more onerous filing restrictions than those imposed here. In re Wallace Revocable Tr., 2009 OK 16, 204 P.3d 80 (approving of an injunction barring a litigant from filing any suit or legal process related to certain parties in any court in the nation other than the issuing court). Accordingly, we affirm the trial court's order as to the $15,000 penalty to be paid into the court fund ($5,000 for each sanctioned motion) and the filing restrictions as outlined in the trial court's order.

¶19 For the reasons set forth above, the trial court's order of sanctions is AFFIRMED IN PART and VACATED IN PART.

BUETTNER, J. (sitting by designation), and GOREE, J. (sitting by designation), concur.

FOOTNOTES

[1] The department also filed the claim against Vimala Agrawal and several entities allegedly owned or controlled by the individual defendants. This appeal concerns Kris Agrawal alone.

[2] Mr. Agrawal's administrative appeal (No. CJ-2010-5857), Vimala Agrawal's separate administrative appeal (No. CJ-2010-5858), and Mr. Holland's collection action (CV-2010-1171) were, apparently, all consolidated below. There was some effort to stay the collection proceedings during the pendency of the administrative appeal, but those efforts failed. See Holland v. Agrawal, 2015 OK 68, 364 P.3d 626.

[3] See Case Nos.: 116,832 (seeking disqualification of Judge Ogden); 116,940 (collaterally attacking wage-claim judgment; Mr. Agrawal ordered to pay opposing counsel's fees); 117,010 (seeking disqualification of Judge Croy); 117,113 (collaterally attacking wage-claim judgment; Mr. Agrawal ordered to pay opposing counsel's fees); 117,271 (seeking disqualification of Judge Timmons; Mr. Agrawal ordered to pay opposing counsel's fees); and 117,283 (collaterally attacking wage-claim judgment; Mr. Agrawal ordered to pay opposing counsel's fees).

[4] The motions were:

(1) MOTION TO ENJOIN AND FOR CONTEMPT AND TO ENFORCE TESTIMONY OF CHRIS HOLLAND IN 2015 OK 67, AGRAWAL VS. OKLAHOMA DEPARTMENT OF LABOR, THE BANKRUPTCY DISCHARGE ORDER OF DECEMBER 14, 2012, BANKRUPTCY STAY ORDER OF SEPTEMBER 1, 2010, ORDER OF MARCH 8,2011 OF LABOR DEPARTMENT THAT CHRIS HOLLAND WAS NEVER AN EMPLOYEE OF ENERGY PRODUCTION SERVICES, LLC, VIMALA AGRAWAL, AND PROHIBIT CHRIS HOLLAND FROM MAKING ANY CLAIMS AGAINST THOSE INDIVIDUALS AND BUSINESS ENTITIES AGAINST WHO HE DID NOT FILE WAGE CLAIMS. HOLLAND OWES $118,964.93 AT PRESENT, filed on June 4, 2018;

(2) MOTION TO ENTER THE VOID JUDGMENT OF OKLAHOMA DEPARTMENT OF LABOR DATED MARCH 17, 2010 IN FAVOR OF CHRIS HOLLAND AS A MATTER OF LAW, filed on June 13, 2018;

(3) COMPULSORY COUNTER CLAIMS AND CROSS CLAIMS AGAINST DANIEL DELLUOMO AND CHRIS HOLLAND FOR LYING, CHEATING, DEFRAUDING, SCAMMING, AND SHAM PROCEEDINGS BY VIOLATING FEDERAL BANKRUPTCY LAWS AND JURISDICTION AND DEFRAUDING KRIS K. AGRAWAL, ETAL, AND HONORABLE ALETIA TIMMONS, RICHARD V. OGDEN, AND SIX OTHER JUDGES, JERRY KITE AND THE U.S. DEPARTMENT OF INTERIOR TO PAY BACK THE STOLEN MONEY IN THE AMOUNT OF $118,984.93 AND MORE EACH WEEK, filed June 22, 2018.

[5] An order imposing sanctions is a final order affecting a substantial right, and therefore immediately appealable under 12 O.S. §953. Moses v. Hoebel, 1982 OK 26, ¶4, 646 P.2d 601, 603.

[6] The motion listed as number (3) in footnote three, above, was, at the time, inadvertently listed on OSCN with the title "JURY TRIAL REQUESTED." The docket has since been corrected. This error, while it caused some confusion at the hearing, was remedied by the court's attachment of the first page of each offending instrument to the order to show cause.

[7] The omitted portion of the statute contains exceptions that no party argues is applicable here.

[8] Additionally, neither party that received the award of fees made any showing at the hearing that the fees imposed were reasonable, or incurred "as a direct result of the violation." Thus, even if the statute permitted the court to impose an award of attorney fees where it initiates sanctions on its own, this award of attorneys' fees could not stand.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2006 OK 87, 152 P.3d 195, FLANDERMEYER v. BONNER
Discussed
 2008 OK 43, 186 P.3d 935, GARNETT v. GOVERNMENT EMPLOYEES INSURANCE COMPANY
Discussed at Length
 2009 OK 16, 204 P.3d 80, IN RE: WALLACE REVOCABLE TRUST
Discussed
 2015 OK 67, 364 P.3d 618, AGRAWAL v. OKLAHOMA DEPT. OF LABOR
Discussed at Length
 2015 OK 68, 364 P.3d 626, HOLLAND v. AGRAWAL
Discussed
 1982 OK 26, 646 P.2d 601, Moses v. Hoebel
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2011, Signing of Pleadings
Discussed at Length
 12 O.S. 953, Final Order Defined
Cited
 12 O.S. 2006, Time
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA